Martina **CONTRERAS**, Individually and as Next Friend of Esmeralda Contreras, a Minor, Appellants,

v.

**LUFKIN INDEPENDENT SCHOOL DISTRICT, Appellee.**

No. 09–90–065 CV.

Court of Appeals of Texas, Beaumont.

May 30, 1991.

Rehearing Denied June 20, 1991.

**24**

Richard Fischer, Nacogdoches, for appellants.

Ralph M. Zelesky, Zelesky, Cornelius, Rogers, Hallmark, & Hicks, Lufkin, for appellee.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

## OPINION

WALKER, Chief Justice.

This is an appeal from Summary Judgment granted by the trial court holding that plaintiffs' pleadings failed to allege facts which would bring their claim within the provisions of TEX.CIV.PRAC. & REM.CODE ANN. § 101.021(1)(A) (Vernon 1986, as amended). The trial court held as a matter of law that facts alleged by plaintiffs' petition showed that the accident made the basis of plaintiffs' suit did not arise out of the operation or use of a motor driven vehicle owned by defendant, Lufkin Independent School District or that the accident was proximately caused by the use or operation of the school bus, therefore, defendant's plea of governmental immunity bars recovery by plaintiffs.

Plaintiffs, now appellants, originally sued appellee Lufkin Independent School District and James Kegler. The trial court granted appellants' Motion to Sever their claim against James Kegler into a separate action, thus appeal is taken only as to the trial court's granting of Summary Judgment in favor of appellee herein. Excerpts from plaintiffs' First Amended Original Petition plead the following:

## IV.

On or about November 22, 1988, plaintiff Esmeralda Contreras, a six-year-old school girl, completed her day's school and boarded a school bus operated by defendant Lufkin Independent School District to be taken home.

At the time the normal practice of the Lufkin Independent School District bus that drove Esmeralda Contreras home was to drop her off right across Abney Street from her house, then to wait with lights flashing while she crossed the street to her house. However, the Lufkin Independent School District school bus that was supposed to drive Esmeralda home on November 22, 1988 dropped her off on Cain Street, around the corner from her house, rather than on Abney Street. When plaintiff Esmeralda Contreras did try to make her way home from the unfamiliar location where the school bus had dropped her off, she was violently and unexpectedly struck crossing Abney Street by a 1978 Chevrolet Caravan automobile being driven by defendant James Kegler. Hearing the screech of defendant Kegler's tires moments before his automobile struck Esmeralda, plaintiff Martina Contreras ran out the front door of her house and saw her daughter face down and motionless on the side of the road with blood flowing from her head.

## V.

The occurrence made the basis of this suit, referred to in the preceding paragraph, and the resulting injuries and damages, were proximately caused by the negligent conduct of defendant Lufkin Independent School District in breaching its duty to let Esmeralda Contreras off the school bus in a location

from which Esmeralda Contreras knew how to get to her house without having to expose herself to danger while crossing the street.

## VI.

The occurrence made the basis of this suit, referred to in paragraph IV above, and the resulting injuries and damages, were also proximately caused by the negligent conduct of defendant James Kegler in one or more of the following respects:

a) in failing to keep such lookout as a person of ordinary prudence would have kept under the same or similar circumstances.

b) in failing to timely apply the brakes to his vehicle in order to avoid hitting Esmeralda Contreras.

c) in driving his vehicle at a rate of speed which was greater than that which an ordinarily prudent person would have driven under the same or similar circumstances.

d) in failing to turn his vehicle to the left or right in an effort to avoid hitting Esmeralda Contreras.

Each of these acts and omissions, singularly or in combination with others, constituted negligence which proximately caused the occurrence made the basis of this action and plaintiffs' injuries and damages.

## VII.

As a direct and proximate result of the negligent conduct of defendants as described above, plaintiff Esmeralda Contreras suffered severe bodily injuries, specifically a broken left leg, facial lacerations and abrasions, and bruises and contusions to her entire body.

Appellee took no exception to appellants' pleadings other than its Motion for Summary Judgment. We view the thrust of appellee's Motion for Summary Judgment to be that appellants failed to allege facts which would bring their claim within the provisions of TEX.CIV.PRAC. & REM.CODE ANN. § 101.021 (Vernon 1986, as amended).

Appellee's Motion for Summary Judgment states: "Nowhere therein do plaintiffs allege that the accident in question arose out of the 'operation or use of a motor-driven vehicle.'" We find this statement to be the primary basis of appellee's Motion for Summary Judgment and we further find such statement to be at absolute odds with appellants' pleading paragraph XI as set out below:

## XI.

The personal injuries and damages suffered by plaintiffs herein, as set forth above, were proximately caused by the wrongful acts or omissions or the negligence of one or more employees of defendant Lufkin Independent School District acting within the scope of their employment, and arose from the operation or use of a motor-driven vehicle by defendant Lufkin Independent School District.

Once appellants plead that the accident arose out of the "operation or use of a motor-driven vehicle", along with those supportive facts contained in paragraph IV of plaintiffs' First Amended Petition, a justiciable fact issue arose under TEX.CIV. PRAC. & REM.CODE ANN. § 101.021(1)(A). We find appellants' pleadings sufficient to penetrate that protective shield of sovereign immunity which protects the State from the torts of its agents or officers. Section 101.021(1)(A), *supra*, specifically grants that immunity-piercing sword by providing a statutory waiver where the operation or use of a motor-driven vehicle or motor-driven equipment is involved. This waiver becomes complete upon the pleading that the personal injuries suffered by Esmeralda Contreras was proximately caused by the wrongful acts or omissions of an employee of Lufkin Independent School District while acting within the scope of his or her employer. Appellants' pleadings below met those requirements thereby creating a fact question sufficient to defeat appellee's Motion for Summary Judgment.

We agree with appellee that the case of *Mount Pleasant Independent School District v. Estate of Lindburg*, 766 S.W.2d 208 (Tex.1989) has significant bearing upon our

case even though the threshold question in *Lindburg* dealt with the standard of care to be imposed upon a school district to insure a student's safety after disembarking a district provided bus, and the limits of the legislature's waiver of sovereign immunity. The facts in *Lindburg* are somewhat analogous to ours in that there a seven year old girl was struck and killed by a vehicle after a school bus had dropped her off. The school bus had travelled approximately 200 yards from where the child had exited the bus before she was struck by a pickup truck. Our Supreme Court stated:

> In order for a claim to fall within the limited waiver of sovereign immunity, *the finder of fact must determine that damages suffered were "proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment ...* [and arose] from the operation or use of a motor-driven vehicle ..."* [Citing *Heyer v. North East Ind. School Dist.,* 730 S.W.2d 130, 131 (Tex.App.—San Antonio 1987, writ ref'd n.r.e.)] (emphasis ours).

*Lindburg, supra* at 211.

It is clear to this Court that appellants' pleadings were factually adequate to avoid the defense of sovereign immunity and to open the door for the fact finder to determine liability and damage.

We hold that the trial court erred in granting Summary Judgment in that appellants' pleadings on their face brought their claims within the provisions of § 101.021(1)(A), *supra* and such claims were not barred by appellee's plea of governmental immunity.

Furthermore, the trial court erred in holding as a matter of law that appellants' pleadings showed that the accident in question did not arise out of the operation or use of a motor-driven vehicle in that the pleadings are to the contrary.

The judgment of the trial court is reversed and remanded for trial on the merits.

REVERSED AND REMANDED.