James **RANSOM**, Appellant,

v.

**THE CENTER FOR HEALTH CARE SERVICES,** Appellee.

No. 04–98–00661–CV.

Court of Appeals of Texas, San Antonio.

Aug. 31, 1999.

Rehearing Overruled Aug. 31, 1999.

Michael J. O'Connor, Raba-O'Connor, L.L.P., San Antonio, for appellant.

Charles H. Sierra, William M. McKamie, Denton, McKamie & Navarro, P.C., Gregg R. Miller, Law Offices of Hugh McWilliams, San Antonio, for appellee.

Sitting: PHIL HARDBERGER, Chief Justice, TOM RICKHOFF, Justice, ALMA L. LÓPEZ, Justice, CATHERINE STONE, Justice, PAUL W. GREEN, Justice, SARAH B. DUNCAN, Justice, KAREN ANGELINI, Justice.

## OPINION ON APPELLEE'S MOTION FOR REHEARING EN BANC

Opinion by: KAREN ANGELINI, Justice.

Our opinion and judgment of February 24, 1999, are withdrawn, and the following opinion and judgment are substituted. Appellee's motion for rehearing en banc is granted.

James Ransom ("Ransom") appeals from a summary judgment granted in favor of the Center for Health Care Services, a Bexar County agency, ("The Center"). The Center moved for summary judgment based on sovereign immunity and sole proximate cause. We affirm.

### Background Facts

Ransom, who is mentally retarded, lives in a group home. The Center had agreed to provide transportation services to Ransom. On March 8, 1997, Frank Moran, the Center's driver dropped Ransom across the street from his home. As Ransom crossed the street, he was hit by a vehicle driven by an intoxicated driver. The vehicle was owned by David Cheraso and was being driven by Brian Fleegle. Ransom sued Cheraso, Fleegle, and the Center for his injuries, but non-suited Cheraso and Fleegle after the Center's Motion for Summary Judgment was granted. The Center's motion for summary judgment was based on both sovereign immunity and sole proximate cause.

### Standard of Review

In a motion for summary judgment, the movant has the burden to show that there exists no genuine issue of material fact and that he is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985). A defendant is entitled to summary judgment when each element of an affirmative defense to the plaintiff's cause of action has been established as a matter of law. *Black v. Victoria Lloyds Ins. Co.*, 797 S.W.2d 20, 27 (Tex.1990) (citing *Montgomery v. Kennedy*, 669 S.W.2d 309, 311 (Tex.1984)). Upon review, all evidence which favors the non-movant is taken as true. *Nixon*, 690 S.W.2d at 548. Every reasonable inference is indulged and all doubts are resolved in favor of the non-movant. *Id.*

### Sovereign Immunity

The Texas Tort Claims Act ("TTCA") creates a limited waiver of sovereign immunity. *See* TEX. CIV. PRAC. & REM.CODE ANN. §§ 101.021, 101.022 (Vernon 1997). Immunity is waived in three circumstances: (1) where the injury arises from the operation or use of a motor vehicle; (2) where the injury was caused by a condition or use of tangible personal or real property; and (3) where the claim arises from premise defects. *Id.; See Alvarado v. City of Brownsville*, 865 S.W.2d 148, 155 (Tex.App.-Corpus Christi 1993), *rev'd on other grounds*, 897 S.W.2d 750

(Tex.1995). The issue in this appeal is whether Ransom's injuries arise from the operation or use of a motor vehicle within the waiver of immunity provision of the TTCA.

Ransom's allegation in this case is, essentially, that the Center committed acts of negligence which related to operation of the government vehicle but resulted in injury to Ransom by a third party. We are not without guidance on this issue as some of our sister courts of appeals have addressed this issue in similar fact situations.

In *Goston v. Hutchison*, 853 S.W.2d 729 (Tex.App.—Houston [1st Dist.] 1993, no writ), the First Court of Appeals engaged in a thorough and well-reasoned analysis of cases involving similar allegations. The facts in *Goston* are, in fact, strikingly similar to the facts in our case. In *Goston*, the bus driver dropped two students at a non-designated stop where they were picked up by a friend and subsequently injured in an accident. *Id.* at 731. The court discussed a number of cases involving allegations that a government entity committed some act of negligence related to the operation of a school bus which resulted in an injury to the student by a third party. The *Goston* court concluded that the proper distinction is as follows: "when the allegations of negligence are related to the direction, control, and supervision of the students, the suit is barred; when the allegations of negligence are related to the negligent use of the motor vehicle itself, the suit is not barred." *Id.* at 732–33 citing *Luna v. Harlingen Consol. Indep. Sch. Dist.*, 821 S.W.2d 442 (Tex.App.—Corpus Christi 1991, writ denied) (holding where students killed while waiting at bus stop designated by school district, immunity not waived); *Hitchcock v. Garvin*, 738 S.W.2d 34 (Tex.App.—Dallas 1987, no writ) (holding where student hit by car after exiting school bus because bus driver did not activate flashing lights, immunity waived); *Heyer v. North East Indep. Sch. Dist.*, 730 S.W.2d 130 (Tex.App.—San Antonio 1987, writ ref'd n.r.e.) (holding where

student hit by another student's vehicle while waiting for school bus, immunity not waived); *Estate of Garza v. McAllen Indep. Sch. Dist.*, 613 S.W.2d 526 (Tex.App.—Beaumont 1981, writ ref'd n.r.e.) (holding where student stabbed by non-student while riding on school bus, immunity not waived). Because leaving a student at the wrong stop amounts to a failure to properly supervise the student and does not amount to negligent use or misuse of the motor vehicle itself, the court in *Goston* upheld the sovereign immunity claim. *Id.* at 734.

The only case that is at odds with *Goston* under the Houston court's analysis in *Goston* is *Contreras v. Lufkin Indep. Sch. Dist.*, 810 S.W.2d 23 (Tex.App.—Beaumont 1991, writ denied). That case involved a similar allegation of a bus driver leaving a student at the wrong location; however, the Beaumont Court of Appeals found the plaintiff's claims were not barred by sovereign immunity. *Id.* at 25. The *Contreras* court did not engage in the same analysis as the *Goston* court but instead relied on *Mount Pleasant Indep. Sch. Dist. v. Estate of Lindburg*, 766 S.W.2d 208 (Tex. 1989). However, as the *Goston* court noted, the supreme court in *Mount Pleasant* did not reach the issue of sovereign immunity because it was waived and, therefore, unhelpful to the plaintiffs.

We agree with the *Goston* analysis which, when applied to the facts of this case, bars Ransom's suit based on sovereign immunity. Because we find that the summary judgment can be upheld on the basis of sovereign immunity, we need not consider sole proximate cause. We affirm the summary judgment in favor of the Center.

Dissenting Opinion by: PHIL HARDBERGER, Chief Justice, joined by Justice ALMA L. LÓPEZ.

I would hold that sovereign immunity was waived in this case and respectfully dissent from the majority's opinion. As the majority states, immunity is waived

when the plaintiff's injury arises from the operation or use of a motor vehicle. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.021 (Vernon 1997). The majority concludes, however, that Moran's actions did not relate to the negligent use of a motor vehicle. I disagree.

In order for a claim to fall within the waiver of immunity at issue in this case, the damages suffered by Ransom must have been proximately caused by the negligence of an employee of the Center acting within the scope of his employment and must arise from the operation or use of a motor-driven vehicle. *See Mount Pleasant Ind. Sch. Dist. v. Estate of Lindburg,* 766 S.W.2d 208, 212 (Tex.1989); *Heyer v. North East Ind. Sch. Dist.,* 730 S.W.2d 130, 131 (Tex.App.—San Antonio 1987, writ ref'd n.r.e.). Since the legislature failed to define the phrase "operation or use," it must be construed according to the ordinary meaning of the terms "operation" and "use." *See Mount Pleasant Ind. Sch. Dist.,* 766 S.W.2d at 212; *Heyer,* 730 S.W.2d at 131. "Operation" refers to "a doing or performing of a practical work," and "use" means "to put or bring into action or service; to employ for or apply to a given purpose." *Mount Pleasant Ind. Sch. Dist.,* 766 S.W.2d at 212; *Heyer,* 730 S.W.2d at 131.

The focus in determining whether immunity has been waived should not be on whether the governmental employee was negligently operating or negligently using a motor vehicle at the time of the occurrence giving rise to liability. Rather, the proper focus is whether the governmental employee's negligent act that proximately caused the occurrence "arose from" the operation or use of the motor vehicle. *See, e.g. LeLeaux v. Hamshire–Fannett Ind. Sch. Dist.,* 835 S.W.2d 49, 51 (Tex.1992) (agreeing with contention that there is no sound reason why the acts of loading and unloading students on and off school buses should not be considered part of the transportation process); *City of El Campo v. Rubio,* 980 S.W.2d 943, 945–47 (Tex.App.—

Corpus Christi 1998, pet. dism'd w.o.j.) (holding that waiver is not dependent on governmental employee being the driver of the vehicle); *Contreras v. Lufkin Ind. Sch. Dist.,* 810 S.W.2d 23, 25 (Tex.App.—Beaumont 1991, writ denied) (holding immunity waived based on bus driver's negligent action in leaving student at the wrong stop).

In this case, Moran's decision to drop off Ransom, who has the mental capacity of a four-year-old, across the street from his home at 3:00 a.m. was the pled negligent act. Moran's decision was made as the driver of a motor vehicle. Only the driver or operator of a motor vehicle transporting a passenger with the mental capacity of a four-year-old can determine the safest location to stop and let off the passenger. I would therefore hold that Moran's allegedly negligent act arose from the operation of a motor vehicle, and the trial court's judgment cannot be supported on the basis of immunity.

I recognize this holding is inconsistent with the Houston court's holding in *Goston v. Hutchison,* 853 S.W.2d 729, 733–734 (Tex.App.—Houston [1st Dist.] 1993, no writ), which criticized the Beaumont court's holding in *Contreras v. Lufkin Ind. Sch. Dist.,* 810 S.W.2d at 25. However, I believe that the Houston court in *Goston* misinterprets the meaning of the phrase "arises from." The TTCA does not expressly require that the act or omission be one carried out solely in the course of driving a vehicle. As long as the governmental employee's negligent decision arises from the operation or use of the motor vehicle and proximately causes the damages in question, I believe immunity is waived.