No.
04-99-00810-CV

 

                                                  Esperanza MARTINEZ, Individually

                                    and
as Representative of the Estate of Antonio Martinez,

                                               David
Martinez, and Antonio P. Martinez,

                                                                      Appellants

 

                                                                             v.

 

                                    VIA
METROPOLITAN TRANSIT AUTHORITY,

                                                                       Appellee

 

                                 From
the 166th Judicial District Court, Bexar County, Texas

                                                       Trial
Court No. 98-CI-07054

                                             Honorable
John D. Gabriel, Judge Presiding

 

Opinion by:       Sarah B. Duncan,
Justice

 

Sitting:  Phil
Hardberger, Chief Justice

Tom Rickhoff,
Justice

Sarah B.
Duncan, Justice

 

Delivered and Filed:      December
29, 2000

 

AFFIRMED

 

The
Martinezes appeal the trial court=s summary judgment in favor of VIA Metropolitan Transit Authority. We
hold the summary judgment record conclusively establishes VIA=s immunity from suit and therefore affirm the
trial court=s judgment.








                                   Factual and Procedural Background

Antonio Martinez suffered from diabetes, renal disease, obesity,
vascular disease, hypotension, and a right hemiparesis. To take him to and from
the doctor=s office for regular kidney dialysis, Mr.
Martinez relied on VIAtrans, VIA=s passenger service for disabled people. On February 25, 1997, the
VIAtrans van arrived at the Martinezes= house, and Mr. Martinez was lifted up in his wheel chair into the van.

Soon after
boarding the bus, Mrs. Martinez noticed her husband had passed out. She told
the driver that her husband was sick and asked him to take them to the dialysis
clinic. However, the driver responded Mr. Martinez was merely asleep, and he
had to pick up the next patient before proceeding to the dialysis clinic,
according to VIA=s rules. Mrs. Martinez did not ask the driver
to call an ambulance or a doctor. When they arrived at the dialysis clinic, the
driver instructed Mrs. Martinez to tell the clinic personnel he needed help
getting Mr. Martinez off the van. Mrs. Martinez did so, telling the
receptionist Mr. Martinez had Aprobably fainted.@ EMS arrived at the scene and transported Mr. Martinez to the nearest
hospital. The next day, Mr. Martinez died of cardiac arrest secondary to anoxic
encephalopathy.

The
Martinezes sued VIA, alleging it was negligent in:

1.                   
Failing to timely and properly
operate a motor vehicle as a reasonable and prudent person would have done
under the same or similar circumstances during a medical emergency;

 

2.                   
Failing to timely and
properly use tangible personal equipment such as a reasonable and prudent
person would have done under the same or similar circumstances to summon aid
during the occurrence of an [sic] medical emergency;

 








3.             Failing
to timely and properly operate the doors and mechanical lift on a VIA Trans
motor vehicle such as a reasonable and prudent person would have done under the
same or similar circumstances to enable ESPERANZA MARTINEZ and her then
husband, ANTONIO MARTINEZ, to leave the VIA Trans vehicle to seek emergency
medical assistance; and

 

3.                   
In the failure of the
Defendant to maintain its motor vehicle in a safe and adequate condition by
failing to provide any resuscitation equipment adequate to handle a medical
emergency.

 

The Martinezes further alleged
that VIA=s immunity from suit had been waived under sections
101.021(1) and (2) of the Texas Civil Practice and Remedies Code. VIA moved for
summary judgment, arguing it was immune from the Martinezes= claims. The trial court granted VIA=s motion, stating it based its ruling upon Ransom
v. Center for Health Care Servs., 2 S.W.3d 643 (Tex. App.BSan Antonio 1999, pet. denied).

                                                                                Standard of Review

This court reviews
a summary judgment de novo. See Valores Corporativos, S.A. de C.V. v. McLane
Co., 945 S.W.2d 160, 162 (Tex. App.CSan
Antonio 1997, writ denied). Thus, Awe
will  uphold a summary judgment only if
the summary judgment record establishes that there is no genuine issue of
material fact, and the movant is entitled to judgment as a matter of law.@ Id.; Tex.
R. Civ. P. 166a(c). In determining whether a genuine issue of material
fact exists, we Aview as true all evidence favorable to the non-movant
and indulge every reasonable inference, and resolve all doubts, in its favor.@ Valores, 945 S.W.2d at 162. Because sovereign
immunity is an affirmative defense, VIA bore the burden of establishing the
defense as a matter of law. See Kinnear v. Texas Com'n on Human Rights ex
rel. Hale, 14 S.W.3d 299, 300 (Tex. 2000) (citing Davis v. City of San
Antonio, 752 S.W.2d 518, 519‑20 (Tex. 1988); Tex. R. Civ. P. 94). 








                                                                                           Discussion

The Martinezes contend the trial court erred in
granting VIA=s motion for summary judgment, because it did not
conclusively establish its immunity defense. We disagree.

VIA
is a governmental unit with exclusively governmental functions. Tex. Transp. Code Ann. '451.052(c) (Vernon 1999). Accordingly, VIA is immune
from suit unless its immunity has been waived. Dallas County Mental Health
and Retardation v. Bossley, 968 S.W.2d 339, 341 (Tex.),  cert. denied, 525 U.S. 1017 (1998).
Immunity is waived for:

(1)           property damage, personal injury, and
death proximately caused by the wrongful act or omission or the negligence of
an employee acting within the scope of employment if:

 

(A)          the property damage, personal injury,
or death arises from the operation or use of a motor-driven vehicle or
motor-driven equipment; and

 

(B)           the employee would be personally
liable to the claimant according to Texas law; and

 

(2)           personal injury and death so caused
by a condition or use of tangible personal or real property if the governmental
unit would, were it a private person, be liable to the claimant according to
Texas law.

 

Tex. Civ.
Prac. & Rem. Code Ann. ' 101.021 (Vernon 1997).








To establish a
waiver of immunity under sections 101.021(1)(A) and 101.021(2), the plaintiff
must first establish the use or operation of a government-owned motor-driven
vehicle or a condition or use of tangible personal property. A>Operation=
refers to >a doing or performing of a practical work,=@ while A>use= means >to
put or bring into action or service;  to
employ for or apply to a given purpose.=@ Mount
Pleasant Indep. Sch. Dist. v. Estate of Lindburg, 766 S.W.2d 208, 211 (Tex.
1989). The plaintiff must then establish Aa
nexus between the injury negligently caused by a governmental employee and the
operation or use of a motor-driven vehicle or piece of equipment.@ LeLeaux v. Hamshire-Fannett Indep. Sch. Dist.,
835 S.W.2d 49, 51 (Tex. 1992). Thus, when an injury occurs in a
government-owned motor-driven vehicle, but the injury does not arise out of its
use or operation, and the vehicle is Aonly
the setting for the injury, immunity [from] liability is not waived.@ Id. (citing Hopkins v. Spring Indep. Sch. Dist.,
736 S.W.2d 617, 619 (Tex. 1987)). In Hopkins, the supreme court held
immunity was not waived by a school district=s
failure to provide adequate medical care to a student with cerebral palsy who
suffered convulsions on board a school bus, because the injury was not the
proximate result of the use or operation of the school bus. See Hopkins,
736 S.W.2d at 619.

                                                                     Failure
to Properly Operate a Vehicle








The Martinezes
first allege Mr. Martinez=s death and their damages arose out of the VIAtrans
operator=s Afailure to
timely and properly operate a motor vehicle as a reasonable and prudent person
would have done under the same or similar circumstances during a medical
emergency.@ Specifically, the Martinezes allege the driver Afailed to drive the vehicle directly and expeditiously
to the dialysis clinic or to the nearest medical facility@ and A[f]ail[ed] to
timely and properly operate the doors and mechanical lift on a VIA Trans motor
vehicle@ so the Martinezes could seek emergency treatment
themselves. However, these contentions allege, at most, the failure to
transport and the failure to operate a motor vehicle, which do not constitute
allegations of an injury proximately caused by the use or operation of a
vehicle. See City of El Paso v. Hernandez, 16 S.W.3d 409, 416
(Tex. App.BEl Paso 2000, pet. denied); City of Orange v.
Jackson, 927 S.W.2d 784, 786 (Tex. App.BBeaumont
1996, no writ); Brantley v. City of Dallas, 545 S.W.2d 284, 286-87 (Tex.
Civ. App.BAmarillo 1976, writ ref=d n.r.e.); cf. Schaefer v. City of San Antonio, 838 S.W.2d 688,
693 (Tex. App.BSan Antonio 1992, no writ).

                                                     Failure
to Use or Provide Tangible Personal Equipment

The
Martinezes next allege Mr. Martinez=s
death and their damages arose out of the VIAtrans operator=s A[f]ailing to
timely and properly use tangible personal equipment such as a reasonable and
prudent person would have done under the same or similar circumstances to
summon aid during the occurrence of an [sic] medical emergency.@ Specifically, the Martinezes allege the driver Afailed ...  to
contact the VIA operator, by phone, as he was instructed to do in the VIA Para
Transit Dispatcher=s Guide Book@
and that VIA Afail[ed] to provide any resuscitation equipment
adequate to handle a medical emergency.@
These complaints do not allege an injury proximately caused by the use or
condition of tangible personal property; rather, the Martinezes allege only the
non-use of personal property, which does not support a waiver of immunity under
the Texas Tort Claims Act. See Kerrville State Hosp. v. Clark, 923
S.W.2d 582, 584 (Tex. 1996).

                                                                                          Conclusion

Because VIAtrans
conclusively established its affirmative defense of sovereign immunity, the
trial court correctly rendered a summary judgment against the Martinezes. We
therefore affirm the trial court=s
judgment.

 

Sarah
B. Duncan, Justice

Publish