In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-01-319 CV


____________________



TARKINGTON INDEPENDENT SCHOOL DISTRICT, Appellant



V.



S. KAY AIKEN AND MARK KENNETH AIKEN, Appellees






On Appeal from the 253rd District Court


Liberty County, Texas


Trial Cause No. 60395






OPINION



 Appellees Mark Kenneth Aiken and his mother, S. Kay Aiken (collectively
"Aiken"), sued appellant Tarkington Independent School District ("Tarkington I.S.D.")
for personal injuries that Mark sustained while riding on the tailgate of a privately-owned
pickup truck on school property. Claiming sovereign immunity, the school district filed
a plea to the jurisdiction. After the trial court denied the jurisdictional plea, Tarkington
I.S.D. filed an interlocutory appeal pursuant to Tex. Civ. Prac. & Rem. Code Ann. §
51.014(a)(8), (b) (Vernon Supp. 2002). 

Background Facts


 The Palacios Independent School District Job Training Program ("Palacios")
entered into a Summer Youth Program Work Site Agreement ("Agreement") with
Tarkington I.S.D. to "provide meaningful summer work experience for disadvantaged
youth . . . ." Under the terms of the Agreement, Palacios was "the employer of any
participants working at Work Site Agency [Tarkington I.S.D.] . . . and [Palacios] [was]
responsible for the payment of wages and applicable taxes." Tarkington I.S.D. was
responsible for instructing, supervising, and evaluating the program participants. 

 The record makes clear the status of the persons involved, and the parties never
contend otherwise. In addition to the contract's provisions regarding the status of Palacios
as the employer of the program participants and the provider of worker's compensation
insurance, each petition filed by the Aikens and their motion for summary judgment also
expressly state that Palacios employed the program participants. Tarkington I.S.D. takes
the same position. Furthermore, at the hearing on the Plea to the Jurisdiction, the trial
judge asked the attorneys why Palacios I.S.D. was not sued, and the Aiken's attorney
replied it was "[b]ecause they [Palacios] were the employer and they had worker's comp." 
The parties do not take the position before the trial court or this court that Mark Aiken was
an employee or a borrowed servant of Tarkington I.S.D. The thrust of the pleadings, the
evidence, and the arguments is that a Tarkington I.S.D. employee-supervisor, who was not
driving the pickup truck, negligently supervised the program participant who was driving
the vehicle, and that the Tarkington supervisors themselves were not properly trained. 

 According to both Aiken and Tarkington I.S.D., Palacios employed, among others, 
Mark Aiken, Shawn S., and Ricky S. (1) as program participants. One of their supervisors
was Elmer Roberts, a Tarkington I.S.D. employee. On July 22, 1999, Roberts instructed
Mark, Shawn, and Ricky to move school desks from one school building to another. After
conveying the instructions, Roberts left Aiken and the others to complete the desk-moving
task while Roberts went to get a lawn mower out of another building so that he could mow
the football field. Before starting to mow, he checked the field house to make sure the
program participants had begun the project; he observed them physically carrying one desk
from the building. Roberts then proceeded to mow the field; he testified in his deposition
that he remained within approximately 75-80 yards of the program participants. 

 After mowing for a while, Roberts returned to the field house and observed Shawn
backing his vehicle up to the field house. Roberts testified he was "fixing to get on [them]
about being over there in the truck because they wasn't supposed to be driving the truck,
period." Mark was riding on the tailgate of Shawn's pickup and sustained injuries when
Shawn backed into the building. 

 Plea to the Jurisdiction


 Unless waived, sovereign immunity protects the state, its agencies, and its officials
from lawsuits for damages. See Texas Dep't of Transp. v. Jones, 8 S.W.3d 636, 638
(Tex. 1999). Without the state's express consent to the suit, the trial court lacks subject
matter jurisdiction to hear the case. See Federal Sign v. Texas S. Univ., 951 S.W.2d 401,
405 (Tex. 1997). Because subject matter jurisdiction is a question of law, we review the
jurisdictional challenge de novo. Mayhew v. Town of Sunnyvale, 964 S.W.2d 922, 928
(Tex. 1998). In our de novo review of the plea to the jurisdiction, we are not required to
look solely at the pleadings but may consider evidence in the record, and must do so when
necessary, to resolve the jurisdictional issues. See Bland Indep. Sch. Dist. v. Blue, 34
S.W.3d 547, 555 (Tex. 2000). 

 Here, the Aikens filed a "Motion for No Evidence Summary Judgment." Attached
to the Aikens' motion are deposition excerpt evidence and the Agreement itself. The trial
court did not conduct a hearing or issue a ruling on the Aikens' motion. Shortly after the
Aikens filed their summary judgment motion, Tarkington filed its plea to the jurisdiction. 
In their "Opposition to [Tarkington I.S.D.'s] Pleas to the Jurisdiction and in Abatement,"
the Aikens expressly "incorporate[d] fully and by reference herein the arguments,
authorities and evidence supporting their pending Motion for No Evidence Summary
Judgment." By such incorporation, the Aikens presented that evidence for consideration
by the trial court. Pursuant to the Aikens' incorporation of evidence and the Texas
Supreme Court's holding in Bland, our review of the denial of Tarkington's jurisdictional
plea encompasses the pleadings and the evidence presented by the Aikens' in response to
the jurisdictional plea. 

 In this case, Tarkington I.S.D., a governmental unit, (2) is immune from both suit and
liability for Mark's injuries unless the Texas Tort Claims Act (the "Act") waives that
immunity. See Tex. Civ. Prac. & Rem. Code Ann. § 101.021, 101.025 (Vernon 1997);
see also LeLeaux v. Hamshire-Fannett Indep. Sch. Dist., 835 S.W.2d 49, 51 (Tex. 1992). 
In deciding whether Tarkington I.S.D.'s sovereign immunity has been waived, we first
consider the scope of the waiver, and then we determine if the case falls within the Act's
scope by examining the facts alleged by the plaintiff in his pleadings and the evidence
submitted to the trial court -- to the extent that the allegations and evidence are relevant to
the jurisdictional issue. See Miller, 51 S.W.3d at 587 (citing Bland Indep. Sch. Dist., 34
S.W.3d at 555). We do not address the merits of the case. Bland Indep. Sch. Dist., 34
S.W.3d at 554. Instead, the defendant must "establish a reason why the merits of the
plaintiffs' claims should never be reached." Id. at 554. A plaintiff's "[m]ere reference
to the Tort Claims Act does not establish the state's consent to be sued and thus is not
enough to confer jurisdiction on the trial court." See Texas Dep't of Criminal Justice v.
Miller, 51 S.W.3d 583, 587 (Tex. 2001). 

Analysis


 Aiken contends the Act waives Tarkington I.S.D.'s sovereign immunity. Sections
101.021 and 101.051 establish the scope of the waiver of a governmental unit's sovereign
immunity. We set out those sections in part below:

 § 101.021. Governmental Liability 

 A governmental unit in the state is liable for:

 (1) property damage, personal injury, and death proximately caused by
the wrongful act or omission or the negligence of an employee acting within
his scope of employment if:

 (A) the property damage, personal injury, or death arises from the
operation or use of a motor-driven vehicle or motor-driven equipment; and 

 (B) the employee would be personally liable to the claimant according
to Texas law; and

 (2) personal injury and death so caused by a condition or use of tangible
personal or real property if the governmental unit would, were it a private
person, be liable to the claimant according to Texas law.

 

Tex. Civ. Prac. & Rem. Code Ann. § 101.021 (Vernon 1997). The limited waiver of
immunity in section 101.021 is further limited by section 101.051, which applies
specifically to school districts.

 § 101.051 School and Junior College Districts Partially Excluded

 Except as to motor vehicles, this chapter [Chapter 101 of the Texas Tort
Claims Act] does not apply to a school district or to a junior college district.


Tex. Civ. Prac. & Rem. Code Ann. § 101.051 (Vernon 1997). Immunity is waived
against school districts only as to the "use" or "operation" of motor vehicles. 

 Mark Aiken seeks to bring his claim within the Act by maintaining his injuries were
caused by the "use" or "operation" of a motor vehicle. The Texas Supreme Court has
stated that "use" means to "'put or bring into action or service; to employ for or apply to
a given purpose'" and "[o]peration" means a "'doing or performing of a practical
work[.]'" LeLeaux, 835 S.W.2d at 51 (quoting Mount Pleasant Indep. Sch. Dist. v. Estate
of Lindburg, 766 S.W.2d 208, 211 (Tex. 1989)) (citations omitted). 

 Here, Tarkington I.S.D., through its employee Roberts, did not bring the privately-owned vehicle into service or action, did not employ it for or apply it to a given purpose,
and did not perform a practical work with it. Even so, argues Aiken, sovereign immunity
is waived because Roberts, the only supervisor on site, exercised control and direction
over the program participants' actions and in that sense "used" or "operated" the vehicle. 
There is, he argues, no requirement that the employee "physically must have been driving
the pickup truck when Mark was injured" or that the governmental entity own the vehicle. 
In contrast, Tarkington I.S.D. maintains that it is immune from suit under the Act and that
the trial court lacked jurisdiction, because (1) the motor vehicle in question was neither
owned by the school district nor operated or used by a district employee at the time of the
accident, and (2) Aikens' allegations all relate to the direction, control, and supervision of
program participants rather than the operation or use of a motor vehicle. 

 As noted above, the Act's waiver of immunity is limited; a school district is not
liable for personal injuries proximately caused by a negligent employee unless the injury
"arises from the operation or use of a motor-driven vehicle or motor-driven equipment." 
LeLeaux, 835 S.W.2d at 51 (quoting in part section 101.021(1)(A)). The Supreme Court
further stated in LeLeaux that "[w]hile the statute does not specify whose operation or use
is necessary -- the employee's, the person who suffers injury, or some third party -- we
think the more plausible reading is that the required operation or use is that of the
employee. This requirement is consistent with the clear intent of the Act that the waiver
of sovereign immunity be limited." LeLeaux, 835 S.W.2d at 51 (footnote omitted); see
generally Delaney v. University of Houston, 835 S.W.2d 56, 59 (Tex. 1992) (specifically
referencing LeLeaux and applying similar construction to Tex. Civ. Prac. & Rem. Code
Ann. § 101.057(2) (Vernon 1997)).

 In a summary judgment case involving operation or use of a privately-owned motor
vehicle by a student who was not a school employee, the San Antonio court of appeals held
that the immunity of the school district was not waived. See Heyer v. North East Indep.
Sch. Dist., 730 S.W.2d 130, 132 (Tex. App.--San Antonio 1987, writ ref'd n.r.e.). 
There, a student was waiting on school property to board the school bus to go home when
a fellow student, who was "power-braking" his car, lost control of the car and struck her. 
It was undisputed that the school district did not own the vehicle that struck and injured
the girl and that no school district employee was operating it. Id. at 130-31. Pointing out
that the allegations of negligence against the school district "related to the control and
supervision of the parking lot, students, and the traffic[,]" and that the vehicle involved
"was not owned or operated by any agent of the School District[,]" the court held the suit
did not fall within the section 101.051 waiver of immunity. Id. at 132. Some five years
later, the Texas Supreme Court validated the holding in Heyer when it made its
pronouncement in LeLeaux that the more plausible reading of the statute requires the
operation or use of the motor vehicle be by an employee. See LeLeaux, 835 S.W.2d at 51-52.

 Aiken relies on two cases, County of Galveston v. Morgan, 882 S.W.2d 485 (Tex.
App.--Houston [14th Dist.] 1994, writ denied), and City of El Campo v. Rubio, 980 S.W.2d
943 (Tex. App.--Corpus Christi 1998, pet. dism'd w.o.j.). In both instances, the courts
in effect held that by exercising control over a vehicle (not owned by the government entity
or operated by the government employee), the employee used or operated the vehicle. 
However, given the holding in LeLeaux we do not accept the proposition, as espoused by
these cases, that a school district necessarily engages in "use" or "operation" of a motor-driven vehicle when it negligently exercises control over non-employees. 

 Other courts have cited this Court's opinion in Contreras v. Lufkin Indep. Sch.
Dist., 810 S.W.2d 23 (Tex. App.--Beaumont 1991, writ denied), as holding that the school
district was liable for injuries that resulted from a school bus driver's leaving a student at
the wrong bus stop. See Goston v. Hutchison, 853 S.W.2d 729, 734 (Tex. App.--Houston
[1st Dist.] 1993, no writ); see also Ransom v. Center for Health Care Servs., 2 S.W.3d
643, 645 (Tex. App.--San Antonio 1999, pet. denied). The First Court observed, and the
Fourth Court agreed, that the employee's conduct in Contreras fell under the category of
failure to properly supervise rather than negligent operation or use of a motor vehicle. Id. 
They conclude this Court found such conduct to be within the scope of the waiver of
immunity under the Act. However, we read Contreras differently and also find it
distinguishable from the instant case. 

 In Contreras, a summary judgment case, the school bus driver dropped the six year
old girl off at the wrong stop and continued on his route. Contreras, 810 S.W.2d at 24. 
While attempting to make her way home, the child was struck by a car and injured. Id. 
In reviewing the pleadings, this Court observed that the school district's only ground in
its summary judgment motion was Contreras's alleged failure to plead that the accident
arose out of the operation or use of a motor-driven vehicle. Id. at 25. We noted the
ground in the motion was completely at odds with the pleadings, because Contreras's
petition expressly pleaded to that effect. Id. Because there was no basis for the single
ground stated in the motion, we reversed the summary judgment and remanded the case
to the trial court. Id. at 26. We believe any reading of the opinion should be limited to
the specific procedural findings in the case. Any other reading is too expansive. We
further note that, in contrast to the instant case, Contreras involved a school district
vehicle, as well as a school bus driver.

 Here, Aiken initially pleaded negligent acts and/or omissions relating to improper
supervision, direction, and control of non-employees and the improper training of
Tarkington I.S.D. employees. After the trial court conducted a hearing on the school
district's plea to the jurisdiction, but before the order denying the plea was signed, Aiken
filed his first amended petition. There he added language stating that his injuries "ar[ose]
from the operation or use of a motor-driven vehicle." However, the allegations of
negligent acts and omissions raised in the amended petition and in the original petition all
relate to claims of improper supervision, direction, and control of non-employees and
improper training of Tarkington employees; there is no evidence in the record that a school
district employee was operating or using the vehicle and no evidence that the school district
owned the vehicle. 

 When allegations of negligence are related to the direction, control, and supervision
of students (or here "program participants") under circumstances such as those described
in this case, sovereign immunity bars suit; if, on the other hand, the allegations of
negligence are related to the negligent use of the vehicle itself, the suit is not barred. See
Goston, 853 S.W.2d at 733; Estate of Garza v. McAllen Indep. Sch. Dist., 613 S.W.2d
526, 527 (Tex. Civ. App.--Beaumont 1981, writ ref'd n.r.e.). Such claims as those
reflected by the record herein do not warrant a waiver of sovereign immunity under the
Texas Tort Claims Act. See Naranjo v. Southwest Indep. Sch. Dist., 777 S.W.2d 190, 192
(Tex. App.--San Antonio 1989, writ denied); see also Luna v. Harlingen Consolidated
Indep. Sch. Dist., 821 S.W.2d 442, 444-45 (Tex. App.-- Corpus Christi 1991, writ
denied). (Appellants' allegations in a summary judgment case that poor planning and
layout of the bus stop caused injuries to children while waiting for the bus did not involve
operation or use of a vehicle.). 

 Appellees would have us read the statute more expansively than LeLeaux stated it
should be read. We decline to do so until directed otherwise by the Texas legislature or
by the Texas Supreme Court. The record before us establishes that Tarkington I.S.D. did
not own the vehicle and its employee did not operate or use the vehicle. There is no nexus
between Mark Aiken's injuries and an employee's negligent operation or use of the
vehicle. We hold that Aiken's complaint does not fall within the scope of the waiver of
immunity under the Tort Claims Act. We reverse the trial court's denial of appellant's
plea to the jurisdiction and render judgment dismissing the case for lack of jurisdiction.

 REVERSED AND RENDERED.

 _________________________________

 DAVID B. GAULTNEY

 Justice


Submitted on December 6, 2001

Opinion Delivered January 24, 2002

Publish


Before Walker, C.J., Burgess and Gaultney, JJ.


 DISSENTING OPINION


 I respectfully dissent. The trial judge correctly denied Tarkington's plea to the
jurisdiction because there are legitimate fact issues raised by the plaintiff's pleading that
the incident in question falls within the scope of the Texas Tort Claims Act.

 As we stated in Montgomery County v. Fuqua, 22 S.W.3d 662 (Tex.
App.--Beaumont 2000, pet. denied), "[g]overnmental 'immunity from suit defeats a trial
court's subject matter jurisdiction and thus is properly asserted in a plea to the
jurisdiction.'" 22 S.W.3d at 665 (citing Texas Dep't of Transp. v. Jones, 8 S.W.3d 636,
638-39 (Tex.1999)). And, as our Supreme Court recently explained: "Under [Texas
Dep't of Transp. v.] Jones, we must examine the plaintiff's pleadings to decide whether
sovereign immunity has been waived." Texas Dept. of Criminal Justice v. Miller, 51
S.W.3d 583, 587 (Tex. 2001). Also, in addition to reviewing the facts alleged by the
plaintiff, we consider the evidence submitted by the parties "to the extent it is relevant to
the jurisdictional issue." Texas Natural Resource & Conservation Comm'n v. White, 46
S.W.3d. 864, 868 (Tex. 2001); see also Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547,
555 (Tex. 2000)(school district's evidence, which was presented in an evidentiary hearing
on plea to jurisdiction and was relevant to the jurisdictional issue, should have been
considered by the trial court). However, where, as here, no evidence was presented to the
trial court, we look solely to the pleadings to determine the jurisdictional question. See
San Antonio State Hosp. v. Cowan, 2001 WL 1230610, *2 (Tex. App.--San Antonio
2001). 

 The boys were, in my view, borrowed servants of Tarkington I.S.D. In Hoffman
v. Trinity Industries, Inc., 979 S.W.2d 88, 90 (Tex. App.--Beaumont 1998), this court
stated:

 Texas courts recognize that the general employee of one employer
may become the special employee or "borrowed servant" of another
employer. Sparger v. Worley Hosp. Inc., 547 S.W.2d 582, 583 (Tex.1977). 
The "borrowed servant" doctrine is implicated when the nominal or general
employer loans or supplies an employee to another, who is termed the
special employer. Rodriguez v. Martin Landscape Management, Inc., 882
S.W.2d 602, 604 (Tex.App.--Houston [1st Dist.] 1994, no writ). The issue
of "right of control" is pivotal under the borrowed servant doctrine because
the employer who has the right of control is exempted from common law
liability. Esquivel v. Mapelli Meat Packing Co., 932 S.W.2d 612, 614
(Tex.App.--San Antonio 1996, writ denied). The test for determining
whether a person is the employee of the original employer or of the
borrowing employer is whether the employee is subject to the specific
direction and control of the loaning or the borrowing employer. Id.

Even though the documents between Palacios I.S.D. and Tarkington I.S.D. specifically
noted the boys were to be employees of Palacios and not Tarkington, this is not the
deciding factor. Clearly, Tarkington I.S.D. had the right of control. See Exxon Corp. v.
Perez, 842 S.W.2d 629, 630 (Tex.1992).

 While the majority notes that Tarkington's "employee Roberts did not bring the
privately-owned vehicle into service or action, did not employ it for or apply it to a given
purpose and did not perform a practical work with it", the majority does not hold that the
truck was not being used for the practical work of the school district. Nor can they,
because it unquestionably was. Nor is there a requirement that the vehicle in question be
a school vehicle, only that a school employee "used" or "operated" the vehicle. LeLeaux
v. Hamshire-Fannett Indep. School Dist., 835 S.W.2d 49, 51 (Tex. 1992). "Operation"
refers to "a doing or performing of a practical work," and "use" means "to put or bring
into action or service; to employ for or apply to a given purpose." LeLeaux, 835 S.W.2d
at 51; see also Mount Pleasant Indep. Sch. Dist. v. Estate of Lindburg, 766 S.W.2d 208,
211 (Tex. 1989). 

 It is the duty of this court to sustain the judgment of the trial court if it is correct on
any theory of law applicable to the case. Custom Leasing, Inc. v. Texas Bank & Trust Co.
of Dallas, 516 S.W.2d 138, 142 (Tex. 1974). Furthermore, a trial court cannot abuse its
discretion if it reaches the right result, even for the wrong reasons. Hawthorne v.
Guenther, 917 S.W.2d 924, 931 (Tex. App.--Beaumont 1996, writ denied). We do not
know why the trial court denied the plea to the jurisdiction, but there being a correct
theory of law under which the court might have, we are obliged to affirm that ruling. 
Because the majority fails to do so, I respectfully dissent.





 DON BURGESS

 Justice

Dissent Delivered

January 24, 2002

Publish
1. Shawn S. and Ricky S. are referred to in the record before this court with an initial
for each surname, apparently because they were minors at the time of incident and the
filing of suit. 
2. For purposes of sovereign immunity, school districts, like cities and counties, are
political subdivisions of the State. See Tex. Civ. Prac. & Rem. Code Ann. §
101.001(3)(B) (Vernon Supp. 2002); San Antonio Indep. Sch. Dist. v. McKinney, 936
S.W.2d 279, 283 (Tex. 1996).