# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00473-CV

**Derwalea King, Individually and as Next Friend of Courtney Minnis, a Minor, Appellant**

**v.**

**Manor Independent School District, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT NO. GN101168, HONORABLE DARLENE BYRNE, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Derwalea King appeals from the trial court's dismissal of her cause based on appellee Manor Independent School District's (MISD) plea to the jurisdiction. We will affirm the judgment.

### Factual and Procedural Background

Courtney Minnis was struck by a passenger car as she attempted to cross the road to her home approximately one-half block from the school bus stop. According to the bus driver, rather than crossing the road immediately, Courtney and several other girls routinely remained on the same side of the road as the bus stop and walked along that side of the road before actually crossing the road. On the day in question, the girls appeared to be following this pattern, so the bus driver departed from the stop. Several minutes later, Courtney was injured trying to cross the road. According to Shandi Minnis, Courtney's sister, the school bus driver never stayed at the stop with

the flashers on but would always drive off right after the passengers got off the bus. However, Courtney's sister did admit that they had walked for one-half block in the grass on the same side of the road on the day in question before attempting to cross the road.[1]

Appellant filed suit over Courtney's injuries. In response, MISD filed a plea to the jurisdiction and motion for summary judgment. The trial court granted MISD's plea to the jurisdiction and dismissed King's case. In one issue on appeal, King urges that Courtney's injuries arose from the operation or use of the MISD school bus, thus creating a waiver of sovereign immunity under the Texas Tort Claims Act. *See* Tex. Civ. Prac. & Rem. Code § 101.021(1)(A) (West 1997).

## Discussion

### *Plea to the Jurisdiction*

In deciding a plea to the jurisdiction, a court may not weigh the merits of a claim but considers the plaintiff's pleadings and the evidence pertinent to the jurisdictional inquiry. *County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002); *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554-55 (Tex. 2000). When reviewing a trial court's order on a plea to the jurisdiction, the appellate court construes the pleadings and evidence in the plaintiff's favor and looks to the pleader's intent. *See Brown*, 80 S.W.3d at 555; *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993); *Peek v. Equipment Serv. Co.*, 779 S.W.2d 802, 804-05 (Tex. 1989). Our review of a plea to the jurisdiction is *de novo*. *Hill v. Burnet County Sheriff's Dep't*, 96 S.W.3d 436, 439

---

[1] The bus driver's deposition testimony was in evidence. Derwalea King, Courtney's mother, and her sister's evidence was adduced through affidavits.

(Tex. App.—Austin 2002, pet. denied). To prevail on its plea to the jurisdiction, MISD had to show that the pleadings and evidence (1) affirmatively negated the existence of jurisdiction and (2) demonstrated incurable defects in jurisdiction. *See Brown*, 80 S.W.3d at 555. MISD argues that it has met this burden by showing that the accident did not arise from the use or operation of a motor vehicle. Therefore, MISD's sovereign immunity was not waived under the Tort Claims Act's waiver of sovereign immunity.

### School Bus Liability

We start by observing that this Court does not write on a clean slate. School districts are immune from liability for personal injuries under the Texas Tort Claims Act, unless the injury arises from a governmental employee's operation or use of a motor-driven vehicle. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 101.021(1)(A) (West 1997); *LeLeaux v. Hamshire-Fannett Indep. Sch. Dist.*, 835 S.W.2d 49, 51 (Tex. 1992). To establish a waiver of immunity from suit, a plaintiff must allege that a government motor vehicle was used or operated, and that there is a nexus between the injury and the operation or use of the motor vehicle by a government employee. *Martinez v. Via Metro. Transit Auth.*, 38 S.W.3d 173, 176 (Tex. App.—San Antonio 2000, no pet.); *see also LeLeaux*, 835 S.W.2d at 51.

The first step in determining if there is a waiver of immunity is to decide if there was an operation or use of a motor vehicle. The Texas Tort Claims Act does not define the terms "operation" or "use," so we apply their common and ordinary meanings. *See Satterfield v. Satterfield*, 448 S.W.2d 456, 459 (Tex. 1969). "Use" is defined as to "put or bring into action or service; to employ for or apply to a given purpose." *Dallas Area Rapid Transit v. Whitley*, 104

3

S.W.3d 540, 542 (Tex. 2003); *Mount Pleasant Indep. Sch. Dist. v. Estate of Lindburg*, 766 S.W.2d 208, 211 (Tex. 1989).

In general, when applying the term "operation or use" in school bus cases, appellate courts have examined whether the employee's act involved an actual use or operation of the vehicle, rather than the *supervision* of children. *Goston v. Hutchinson*, 853 S.W.2d 729, 733 (Tex. App.—Houston [1st Dist.] 1993, no writ); *Estate of Garza v. McAllen Indep. Sch. Dist.*, 613 S.W.2d 526, 528 (Tex. Civ. App.—Beaumont 1981, writ ref'd n.r.e.). If the employee's act involved only supervision or control, immunity has not been waived, even if the act took place on or near the motor vehicle. *Goston*, 853 S.W.2d at 733; *see also Estate of Garza*, 613 S.W.2d at 528.

The second step requires an understanding of the requisite nexus between the injury and the operation or use of the vehicle. The Texas Supreme Court determined in *LeLeaux* that the statutory phrase "arises from" requires that there be some connection between the injury and the act of using or operating the vehicle. 835 S.W.2d at 51. The school employee's negligent act in using or operating the vehicle must have played some role in causing the injury. *See id.* The operation or use of a motor vehicle "does not cause injury if it does no more than furnish the condition that makes the injury possible." *See Whitley*, 104 S.W.3d at 543 (quoting *Dallas County Mental Health & Mental Retardation v. Bossley*, 968 S.W.2d 339, 343 (Tex. 1998)).

In the current case, appellant contends that a part of the operation or use of the bus is the use of the bus itself as a safety device by its actions in remaining stationary at the bus stop with the appropriate red flashing lights to stop traffic as required by statute. *See* Tex. Transp. Code Ann. § 545.701(c) (West Supp. 2003) (safety procedures for school buses); § 545.066(a)(1), (c) (West

4

1999) (misdemeanor offense to pass bus displaying appropriate signals). MISD contends that the *procedures* used by the bus driver when unloading passengers do not constitute an operation or use of the vehicle. Instead, MISD asserts that these procedures are supervisory in nature and are analogous to the actions taken by an individual supervising children at a crosswalk. We think MISD's position is correct.

We begin by distinguishing our recent case, *Austin Independent School District v. Gutierrez*, 54 S.W.3d 860 (Tex. App.—Austin 2001, no pet.), in which this Court found a waiver of sovereign immunity. In *Gutierrez*, Adriana Gutierrez and her cousin Paul exited the bus and had to cross the street to reach Adriana's home. While stopped, the driver honked to signal that it was safe to cross the street. Paul crossed safely; Adriana was hit by a car. *Id.* at 861. This Court held that the driver's *affirmative* action in honking the horn was an operation or use of the vehicle that may have contributed to the child's accident. *Id.* at 866-67.

In the case at issue, there is no such affirmative act on the part of the driver. Rather, this case appears to belong in the category of cases finding no waiver of sovereign immunity because there was no "operation or use" of the motor vehicle within the meaning of the Tort Claims Act. We will examine these cases in more detail.

In *Mount Pleasant Independent School District v. Estate of Lindburg*, 766 S.W.2d 208 (Tex. 1989), the school bus left the scene before the accident occurred. Two students were delivered safely to a bus stop beside the highway. One student crossed the highway without incident. The bus driver waited for the other student to cross, but left when she failed to do so. 766 S.W.2d at 209. Once the bus was approximately 200 yards from the girl, she attempted to cross the highway;

5

a car hit and killed her. *Id*. The court discussed the fact that the plaintiff did not request a jury issue concerning a waiver of sovereign immunity. *Id*. at 211. Accordingly, there was no finding that the child's death was caused by the "operation or use of a motor-driven vehicle." *Id*. at 211-12. However, the court also noted that the evidence did not establish as a matter of law that her death was caused by the use of a motor vehicle. *Id*. at 212. The court then said that "the plaintiff has waived an essential element of her cause of action. Thus, her recovery in this case is barred by sovereign immunity." *Id*. The court then went on to discuss the standard of care, holding it to be the ordinary negligence standard, not the heightened standard applicable to a common carrier. *Id*. at 213.

Another case in which a student was hit by a car after the school bus left the scene is *Contreras v. Lufkin Independent School District*, 810 S.W.2d 23 (Tex. App.—Beaumont 1991, writ denied). In that case, a six-year-old girl was let off at the wrong stop around the corner from her home and was struck by a car while attempting to get home. 810 S.W.2d at 24. In *Contreras*, the court of appeals reversed defendant's summary judgment because the sole ground on which it was based, that the plaintiff had not pled waiver of sovereign immunity, was without merit. *Id*. at 26.

In *Goston v. Hutchison*, 853 S.W.2d 729 (Tex. App.—Houston [1st Dist.] 1993, no writ), a bus driver allowed two students to exit the bus at an undesignated stop at their request. They got into a car driven by a friend and were involved in a collision. One of the students was killed and the other was seriously injured. 853 S.W.2d at 731. The Houston court decided that leaving a student at the wrong stop was a failure to properly supervise the student and did not involve the use

6

or operation of a motor vehicle. *Id.* at 734. Thus, the court concluded that the bus driver's actions did not waive immunity. *Id.*

*Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540 (Tex. 2003), involved a municipal bus. In *Whitley*, plaintiff Harold Whitley was a disabled passenger on a municipal bus who was verbally harassed and threatened with a box cutter by another passenger, Mary Burkley. The bus driver stopped the bus and told Whitley to exit, stating that he would return for plaintiff in a few minutes. About two blocks later, Burkley exited, recruited assistance, went to the place where the bus had left Whitley, and beat him severely. 104 S.W.3d at 541-42. Plaintiff sued, claiming his injuries arose from a use of the bus, because the bus driver wrongfully ejected him in a dangerous area of Dallas, allowed the violent passenger to disembark, and then failed to return to pick him up. *Id.* at 542. The court held that the injury did not arise from the use of the bus and sovereign immunity was not waived. *Id.* at 542-43. It said that "the gravamen of Whitley's complaint is that Burkley and her cohorts' actions and the bus driver's failure to supervise the public caused his injuries." *Id.* at 543.

Another case, *Ransom v. Center for Health Care Services*, 2 S.W.3d 643 (Tex. App.—San Antonio 1999, pet. denied), did not involve a school bus, but did involve a governmental entity transporting an individual, and the court relied on school bus cases in making its decision. Ransom, a mentally retarded man, was delivered to the bus stop across the street from his group home at three o'clock in the morning. *Id.* at 644. The driver waited for Ransom to cross the street, but when he did not, the driver left the scene. When Ransom later attempted to cross the street, a drunk driver hit him. *Id.* The court followed the rationale in *Goston* and held that the plaintiff's suit

7

was barred by sovereign immunity. *Id*. at 645. The court decided that any action taken by the driver was supervisory rather than a use or operation of the motor vehicle. *Id*.

A common pattern in these "failure to supervise" cases is that the bus had already left the scene by the time the accident occurred.[2] That an act took place on or near the motor vehicle does not create an operation or use of that vehicle. *See Goston*, 853 S.W.2d at 733. Further, even if there is an operation or use of the vehicle, that use "does not cause injury if it does no more than furnish the condition that makes the injury possible[,]" *Whitley*, 104 S.W.3d at 543, and does not result in a waiver of immunity. In this case, the bus had already left the stop and traveled down the road before the accident.[3] The bus driver's judgment about the amount of time necessary to remain at the bus stop and judgment about what actions the children were going to take is a matter of the driver's supervision of the children rather than the operation or use of a motor vehicle. Accordingly, no waiver of sovereign immunity is established.

---

[2]  Similarly, one of the first school bus cases to discuss a school district's waiver of immunity when a student was injured, *Hitchcock v. Garvin*, 738 S.W.2d 34 (Tex. App.—Dallas 1987, no writ), is distinguishable from the current case on that basis. A student exited a bus and "*[i]mmediately* after being discharged from the bus and as she was crossing the street," was hit by a car. 738 S.W.2d at 35 (emphasis added). The plaintiffs alleged that the bus driver did not activate his flashers to signal that students were exiting the bus, which both the bus driver training guide and Texas traffic statutes required. *Id*. at 36. The Dallas court held that the issue of whether the driver had activated his flashers was a question of fact and remanded the case to the trial court for a trial on the merits. *Id*. at 37-38. It is a reasonable inference from the language "immediately" that the bus was present at the stop when the accident occurred.

[3]  According to the bus driver, she was seven or eight miles from the stop when she heard about the accident.

## Conclusion

We overrule appellant's issue.  Accordingly, we affirm the trial court's judgment.

_____

Mack Kidd, Justice

Before Justices Kidd, Yeakel and Patterson

Affirmed

Filed:   July 24, 2003