**Thomas R. HITCHCOCK, Individually and as Next Friend for Emily Christine Hitchcock, Appellants,**

v.

**Rex Martin GARVIN, Individually, and Plano Independent School District and Loyd Dean Morris, Appellees.**

No. 05–86–01017–CV.

Court of Appeals of Texas, Dallas.

Aug. 26, 1987.

Rehearing Denied Oct. 9, 1987.

---

**1.** This code section was repealed on September 1, 1986, subsequent to the trial of this case.

Les G. Weisbrod, and Barbara Sanzo Sonn, Dallas, for appellants.

Linda F. Jenkins, Dallas, for appellees.

Before HOWELL, STEWART and THOMAS, JJ.

THOMAS, Justice.

This is an appeal from the granting of summary judgment in favor of Plano Independent School District (PISD) and Loyd Dean Morris, Appellees. Appellants, Thomas R. Hitchcock, Individually and as Next Friend for Emily Christine Hitchcock, bring forth two points of error: (1) that the trial court erred in granting summary judgment in favor of PISD and Morris and in failing to grant the Hitchcocks' motion for new trial because there existed genuine material fact issues; and (2) that the trial court erred in granting summary judgment in favor of PISD and Morris and in failing to grant the Hitchcocks' motion for new trial, because the Hitchcocks' claims are not barred by the doctrine of governmental immunity as a matter of law since the claims arose out of the use and operation of a motor vehicle. We hold that the granting of summary judgment was improper. Therefore, the cause is reversed and remanded for further proceedings.

The minor appellant, Emily Christine Hitchcock, was injured after she disembarked from a PISD school bus driven by Morris. Immediately after being discharged from the bus and as she was crossing the street, a motor vehicle driven by Rex Martin Garvin struck the child.

In rendering summary judgment, the trial court held that the Hitchcocks failed to state a cause of action against PISD and Morris because the claims were barred as a matter of law by the doctrine of governmental immunity. After granting the summary judgment, the trial court entered an agreed order of dismissal which dismissed with prejudice all matters in controversy and dispute between the Hitchcocks and Garvin. By the granting of PISD's motion for summary judgment, Garvin's cross-action for contribution against PISD and Morris was rendered moot.

Summary judgment is proper only if the pleadings, depositions, affidavits, and admissions in the record establish that no genuine issue of material fact exists and that the movant is entitled to relief as a matter of law. TEX.R.CIV.P. 166–A(c). Defendants moving for summary judgment must expressly present and conclusively prove all essential elements of their defense as a matter of law; there can be no genuine issues of material fact. *Montgomery v. Kennedy*, 669 S.W.2d 309, 311 (Tex. 1984); *Pierson v. Houston Independent School District*, 698 S.W.2d 377, 380 (Tex. App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.). The law is well established that the burden of proof is on the movant and all doubts as to the existence of a genuine issue of material fact are resolved against him. *Oakes v. Aetna Casualty & Surety Co.*, 551 S.W.2d 504, 505 (Tex.Civ.App.— Amarillo 1977, writ ref'd n.r.e.). In reviewing the evidence, all conflicts are disregarded, and the evidence which tends to support the position of the party opposing the motion is accepted as true. *Farley v. Prudential Insurance Company*, 480 S.W.2d 176, 178 (Tex.1972). Further, every reasonable inference must be indulged in favor of the non movants and any doubts resolved in their favor. *Nelson v. Krusen,*

678 S.W.2d 918, 919 (Tex.1984); *Wilcox v. St. Mary's University of San Antonio*, 531 S.W.2d 589, 593 (Tex.1975).

The crucial issue raised by this appeal is whether the Hitchcocks have alleged a cause of action which arises out of the "operation or use of a motor vehicle." If so, the granting of summary judgment was improper.

■ The State of Texas recognizes the principle of governmental immunity for agencies of the State acting within their governmental capacities. As an agency of the State, PISD is immune from liability for the alleged negligence of its agents or employees except to the extent the immunity is waived by the Texas Tort Claims Act, TEX.CIV.PRAC. & REM.CODE ANN. § 101.021 (Vernon 1986) (formerly art. 6252–19 § 3(b)). The Act provides as follows:

> [A] governmental unit in the State is liable for:
>
> (1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within the scope of employment if:
>
> (A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and
>
> (b) the employee would be personally liable to the claimant according to Texas law; and
>
> (2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

Thus, the Act contains a limited waiver of immunity for injuries and damages arising from the use of motor vehicles. The Hitchcocks allege that a fact issue exists as to whether the bus driver Morris properly activated the flashers on the bus to indicate that the school bus was slowing, then stopping and discharging school children, thus constituting an act falling within the motor vehicle exception to governmental immunity. We agree.

The transcript reveals that in their response to PISD's motion for summary judgment, the Hitchcocks referred to, and attached as an exhibit, excerpts from the instruction manual for bus drivers used by PISD entitled, "Program Handbook and Instruction Guide Texas School Bus Driving Training Course." These excerpts included the instruction that when unloading students living either on the right side or left side of the roadway, the driver must "activate alternating flasher warning lights at least 500 feet from bus stop." At the same time the response to the motion for summary judgment was filed, the Hitchcocks filed their second amended original petition, alleging that PISD was negligent in its operation and use of a motor vehicle by "failing to operate school bus in compliance with traffic regulations of the State of Texas pertaining to the use of flashers when discharging children," and "failing to operate and use warning signals in a timely fashion to indicate to oncoming traffic that school bus was coming to a stop or had stopped." Also included in the supplemental transcript were Garvin's responses to the Hitchcocks' interrogatories and requests for admissions, which included the statement by Garvin that "there were no flashing lights of any kind illuminated on the bus" when the accident occurred.

■ Appellees contend that the issues raised in the second amended petition were not properly presented to the trial court by written response and thus could not form the basis of a reversal by this Court. Appellees note correctly that Rule 166–A states, "Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for a reversal." TEX.R. CIV.P. 166–A. It is clear that pleadings filed after a summary judgment motion is filed do not constitute a response to the motion for summary judgment. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 677 (Tex.1979); *Meineke Discount Muffler v. Coldwell Banker Property Management Co.*, 635 S.W.2d 135, 137 (Tex.App.—Houston [1st Dist.] 1982, writ ref'd n.r.e.).

We note, however, that the Hitchcocks filed a response to appellees' motion for summary judgment expressly presenting to the trial court their contention that Emily Hitchcock's injury was proximately caused by the bus driver's failure to use the flasher lights while operating the school bus, and that such action constituted negligence arising from the operation and use of a motor-driven vehicle.

Further, we reiterate that appellees, as summary judgment movants, had the burden of conclusively proving all elements of their defense as a matter of law, leaving no genuine issues of material fact. *Montgomery*, 669 S.W.2d at 311; *Pierson*, 698 S.W.2d at 380. One element of appellees' sovereign immunity defense is that the injury did not arise from the use and operation of a vehicle. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 101.021 (Vernon 1986). Summary judgments must stand on their own merits, and the non-movant's failure to respond, or any insufficiency in the response, cannot supply by default the proof necessary for the movant to meet its burden. *Clear Creek*, 589 S.W.2d at 678; *Futerfas v. Park Towers*, 707 S.W.2d 149, 155 (Tex.App.—Dallas 1986, writ ref'd n.r. e.). Consequently, the summary judgment must be reversed, even in the absence of a response by the Hitchcocks, unless appellees have established conclusively that the injuries did not occur as a result of the use or operation of a motor vehicle.

The summary judgment proof before the trial court, with every reasonable inference indulged in favor of the non-movants and with any doubts resolved in their favor, *Nelson*, 678 S.W.2d at 919, shows that the bus driver failed to activate the warning lights on the bus before stopping at Emily Hitchcock's bus stop. Garvin did not see flashing lights as he passed the bus and struck the child.

The Texas Tort Claims Act does not define the words "operation" and "use"; therefore, their common and ordinary meaning should be applied. Thus, "operation" is "the doing or performing of a work or of something involving practical application of principles or process," and "use" is "the act or practice of employing something." *Hopkins v. Spring Independent School District*, 706 S.W.2d 325, 327 (Tex. App.—Houston [14th Dist.] 1986), *aff'd*, 30 Tex.Sup.Ct.J. 251 (Feb. 25, 1987) (mot. reh. pending); *Estate of Garza v. McAllen Independent School District*, 613 S.W.2d 526, 527 (Tex.Civ.App.—Beaumont 1981, writ ref'd n.r.e.); *Brantley v. City of Dallas*, 545 S.W.2d 284, 286 (Tex.Civ.App.—Amarillo 1976, writ ref'd n.r.e.); *Jackson v. City of Corpus Christi*, 484 S.W.2d 806, 809 (Tex.Civ.App.—Corpus Christi 1972, writ ref'd n.r.e.). Liability has been imposed when the injuries are alleged to have proximately resulted from the negligent use of property in some respect deficient or inappropriate for the purpose for which it was used. *Hopkins*, 706 S.W.2d at 327; *Brantley*, 545 S.W.2d at 286.

Clearly, the failure to activate the flashers or warning signals of a school bus when children are exiting constitutes an "act or omission arising from the operation or use of a motor-driven vehicle" as the Act requires. There was sufficient summary judgment evidence before the trial court to raise a fact issue for the jury as to whether the failure of the bus driver to activate the flashers or warning signals constituted negligence and was a proximate cause of Emily Hitchcock's injuries. *See Reeves v. Tittle*, 129 S.W.2d 364, 366 (Tex.Civ.App.—Eastland 1939, no writ). Thus, we hold that the Hitchcocks alleged acts of PISD and Morris which "arose from the operation of a motor-driven vehicle" within the meaning of section 101.021, therefore constituting a waiver of the doctrine of governmental immunity. We also hold, if it is necessary to do so, that Hitchcock's response to the motion for summary judgment expressly presented to the trial court the issue of negligence arising from the use or operation of a motor vehicle.

We conclude that the Hitchcocks' summary judgment proof raised a genuine issue of fact with regard to the existence of each of the elements of a cause of action against PISD and Morris. Accordingly, the trial court erred in granting the summary judgment for PISD and Morris and in

denying the Hitchcocks' motion for new trial.

The judgment is reversed and the cause is remanded for trial.