Opinion issued March 31, 2005

















In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-04-00824-CV
__________
 
MARCOS MONTOYA ET UX, PAULA MONTOYA, INDIVIDUALLY AND
AS NEXT FRIENDS OF MARCOS MONTOYA, JR., Appellants
 
V.
 
HOUSTON INDEPENDENT SCHOOL DISTRICT AND VERONICA
DAMPHA, Appellees
 

 
 
On Appeal from the 333rd District Court
Harris County, Texas
Trial Court Cause No. 2004-24564
 

 
 
O P I N I O N
          In this accelerated, interlocutory appeal, appellants, Marcos Montoya et ux,
Paula Montoya, Individually and as Next Friends of Marcos Montoya, Jr. (the
“Montoyas”), challenge the trial court’s order granting a plea to the jurisdiction in
favor of appellee, Houston Independent School District (HISD), on the Montoyas’
claims against HISD for injuries sustained by Marcos Montoya, Jr. (“Marcos”) when
he fell from the emergency exit of an HISD school bus. In four issues, the Montoyas
contend that the trial court erred in granting HISD’s plea to the jurisdiction on the
grounds of governmental immunity from suit because the Texas Tort Claims Act



waives such immunity from suit for personal injuries arising “from the operation or
use of a motor-driven vehicle.” We affirm the trial court’s order.
Factual and Procedural Background
          As stated in the Montoyas’ first amended petition, on May 15, 2002, Marcos
sustained personal injuries when he fell from the emergency exit of a moving school
bus owned by HISD and driven by an HISD employee. At the time of the incident,
Marcos was eight years old and enrolled in special education in HISD. He had
previously been diagnosed with mental retardation and other mental handicaps. Prior
to the incident, Marcos had a history of aggressive behavior on the school bus,
including a history of leaving his seat on the bus, running around on the bus, and
attempting to exit the bus using the emergency exit. 
          On April 4, 2002, HISD equipped Marcos’s school bus seat with a special
child-proof harness to restrain him. However, the harness did not effectively restrain
Marcos, and, on May 5, 2002, Marcos was able to free himself from the harness. On
May 14, 2002, the day before the incident, Marcos freed himself from the harness and
opened the rear emergency exit door of the bus, but did not fall out of the bus. The
next day, on May 15, 2002, Marcos again freed himself from the harness and, while
the bus was in motion, opened and fell through the emergency exit, sustaining the
personal injuries giving rise to this lawsuit.
          The Montoyas sued HISD and the HISD bus driver (collectively “HISD”),
alleging that HISD was negligent in the operation or use of Marcos’s school bus.


 In
their first amended petition, the Montoyas alleged that HISD was negligent in the
following ways:
          a.       failing to properly use the child-proof harness restraining
Marcos;
 
          b.       failing to maintain a reasonable lookout, and notice that
Marcos had disengaged the harness;
 
          c.       failing to stop the bus before Marcos reached the
emergency exit, opened it, and fell through it;
 
          d.       failing to equip the bus with an adequate restraining
device; and
 
          e.       failing to instruct the bus driver in the proper use of the
harness.
 
          HISD filed an answer pleading as a defense “all the exemptions and exceptions
from, and limitations on, liability provided in the Texas Tort Claims Act.” 
Contemporaneously with filing its answer, HISD filed a motion to dismiss and plea
to jurisdiction, asserting that HISD was entitled to governmental immunity and that
the trial court lacked jurisdiction to hear the Montoyas’ claim. HISD further asserted
that Marcos’s injuries did not arise from the operation or use of a motor-driven
vehicle, and thus the Montoyas’ allegations did not trigger a waiver of HISD’s
immunity under the Texas Tort Claims Act. 
          The Montoyas filed a response to HISD’s plea to jurisdiction, arguing that their
allegations arose from the operation or use of a motor-driven vehicle and thus HISD’s
immunity was waived. After HISD filed a reply to the Montoyas’ response, the trial
court conducted a hearing on HISD’s plea to the jurisdiction, and entered an order
granting HISD’s plea.  
Standard of Review
          Governmental immunity from suit defeats a trial court’s subject matter
jurisdiction. Tex. Dept. of Parks and Wildlife v. Miranda, 133 S.W.3d 217, 225 (Tex.
2004); Dallas Area Rapid Transit v. Whitley, 104 S.W.3d 540, 542 (Tex. 2003). 
Whether a party has alleged facts that affirmatively demonstrate a trial court’s subject
matter jurisdiction is a question of law reviewed de novo. Miranda, 133 S.W.3d at
226. 
          “In a suit against a governmental unit, the plaintiff must affirmatively
demonstrate the court’s jurisdiction by alleging a valid waiver of immunity.” Whitley,
104 S.W.3d at 542. In reviewing the pleadings to determine whether a party has
alleged facts that affirmatively demonstrate the court’s jurisdiction and a valid waiver
of immunity, the reviewing court must construe the pleadings liberally in favor of the
pleading party and must also look to the intent of the pleading party. Miranda, 133
S.W.3d at 226. 
Waiver of Governmental Immunity
          In issues one through four, the Montoyas argue that the trial court erred in
granting HISD’s plea to the jurisdiction because their allegations that HISD was
negligent in failing to timely stop the bus, maintain a reasonable lookout, and
properly use a child-proof harness state a claim for personal injuries arising from
HISD’s operation or use of the bus, and the Texas Tort Claims Act specifically
waives governmental immunity from suit for such claims. Tex. Civ. Prac. & Rem.
Code Ann. § 101.021(1) (Vernon 1997).
          HISD, a governmental unit, is immune from liability for Marcos’s injuries
unless that immunity has been waived by the Texas Tort Claims Act. See Tex. Civ.
Prac. & Rem. Code Ann. §§ 101.001, 101.021, 101.025, 101.051 (Vernon 1997 &
Supp. 2004-2005); Whitley, 104 S.W.3d at 542; LeLeaux v. Hamshire-Fannett Sch.
Dist., 835 S.W.2d 49, 51 (Tex. 1992). The Texas Tort Claims Act provides, in
relevant part:
          A governmental unit in the state is liable for:
(1)     property damage, personal injury, and death
proximately caused by the wrongful act or omission
or the negligence of an employee acting within his
scope of employment if: 
 
          (A)    the property damage, personal injury, or death
arises from the operation or use of a motor-driven vehicle or motor-driven equipment;
and
 
                    (B)    the employee would be personally liable to
the claimant according to Texas law.
 
 Tex. Civ. Prac. & Rem. Code Ann. § 101.021(1) (Emphasis added).
          The waiver of immunity set forth in section 101.021(1) has been construed by
Texas courts to be a limited waiver. LeLeaux, 835 S.W.2d at 51. Thus, pursuant to
this limited waiver, a school district is liable for a personal injury proximately caused
by a negligent employee only if the injury arises from the operation or use of a motor-driven vehicle or motor-driven equipment. Tex. Civ. Prac. & Rem. Code Ann. §
101.021(1)(A). While the terms “use” and “operation” are not defined in the Act, the
supreme court has defined “use” as “to put or bring into action or service; to employ
for or apply to a given purpose” and has defined operation as “a doing or performing
of a practical work.” Whitley, 104 S.W.3d at 542; LeLeaux, 835 S.W.2d at 51. The
supreme court has also explained that the “arises from” language in section
101.021(1)(A) requires “a nexus between the injury negligently caused by a
governmental employee and the operation or use of the motor-driven vehicle or piece
of equipment.” LeLeaux, 835 S.W.2d at 51; see also Whitley, 104 S.W.3d at 543;
Hopkins v. Spring Indep. Sch. Dist., 736 S.W.2d 617, 619 (Tex. 1987). “This nexus
requires more than mere involvement of property.” Whitley, 104 S.W.3d at 543. 
Rather, the use of the vehicle “must have actually caused the injury.” Id. The
operation or use of a motor-driven vehicle “does not cause injury if it does no
more than furnish the condition that makes the injury possible.” Id. (citing
Dallas County Mental Health and Mental Retardation v. Bossley, 968 S.W.2d 339,
343 (Tex. 1998). Additionally, while the statute does not expressly state whose
operation or use of the vehicle or equipment is necessary, the supreme court has
noted that “the more plausible reading is that the required operation or use is
that of the [governmental] employee.” LeLeaux, 835 S.W.2d at 51.
          The Montoyas make three specific allegations as to how Marcos’s injuries
arose from HISD’s negligent operation or use of the school bus. First, the
Montoyas allege that the HISD bus driver was negligent in failing to timely stop
the bus before Marcos opened the rear emergency door and fell from the moving
bus. Second, the Montoyas allege that the HISD bus driver was negligent in
failing to maintain a reasonable lookout while driving the bus. Third, the
Montoyas allege that the HISD bus driver was negligent in failing to properly
use a child-proof harness and restrain Marcos. In reviewing the order of the
trial court granting HISD’s plea to jurisdiction, we must take these allegations
as true. LeLeaux, 835 S.W.2d at 52. 
          However, even assuming the truth of these allegations, the Montoyas have
still failed to demonstrate that Marcos’s injuries actually arose from the bus
driver’s operation or use of the bus. LeLeaux, 835 S.W.2d at 51. As to the
Montoyas’ first allegation, we cannot agree with the Montoyas’ assertion that
the bus driver’s negligent failure to timely stop the school bus “is the very
quintessence of an allegation which arises from the use or operation of a motor
vehicle.” While it is generally true that a driver’s negligent failure to timely stop
a vehicle to avoid a collision would relate to the operation of that vehicle, here
the Montoyas’ allegation concerns the bus driver’s failure to stop the bus to
prevent Marcos from opening the rear door and falling out of the bus. This
allegation actually relates to the bus driver’s duty to supervise and respond to
Marcos’s behavior on the bus, not the driver’s operation or use of the bus itself. 
Furthermore, the Montoyas’ argument, that Marcos’s injuries would not have
occurred if the bus had stopped prior to Marcos’s exiting the emergency door,
does not demonstrate that Marcos’s injuries arose from the operation of the bus. 
For example, Marcos’s injuries would not have occurred if he had not boarded
the bus altogether. But an allegation to this effect would not be sufficient to
demonstrate that Marcos’s injuries arose from the operation of the bus. In
order to establish the required nexus, the Montoyas must allege that the bus
driver’s operation of the bus actually caused Marcos’s injuries. See Estate of
Garza v. McAllen Indep. Sch. Dist., 613 S.W.2d 526, 528 (Tex. Civ.
App.—Beaumont 1981, writ ref’d n.r.e.). Here, the Montoyas’ allegation
concerning the driver’s failure to stop the bus, even when construed liberally, is
not sufficient to establish a waiver of HISD’s immunity. 
          The Montoyas’ second allegation, that the bus driver negligently failed to
maintain a reasonable lookout, also relates to the bus driver’s duty to supervise
the bus passengers and does not concern the actual operation or use of the bus. 
Goston v. Hutchison, 853 S.W.2d 729, 733 (Tex. App.—Houston [1st Dist.] 1993,
no writ). In Goston, we concurred with the distinction made by the court in
Estate of Garza that “when the allegations of negligence are related to the
direction, control and supervision of the students, the suit is barred [and] when
the allegations of negligence are related to the negligent use of the motor vehicle
itself, the suit is not barred.” Id. at 733 (citing Estate of Garza, 613 S.W.2d at
528). We conclude that the Montoyas’ allegation concerning the driver’s failure
to maintain a reasonable lookout falls squarely into the category of cases related
to the direction, control, and supervision of students. Moreover, the Montoyas’
allegation regarding the bus driver’s failure to keep a reasonable lookout fails
to demonstrate the required nexus between the driver’s negligent act and the
injuries sustained by Marcos. Whitley, 104 S.W.3d at 543; Hopkins, 736 S.W.2d
at 619. 
          Similarly, the Montoyas’ third allegation, that the bus driver negligently
failed to use the harness properly, does not relate to the driver’s operation or use
of the bus. However, even assuming that the driver’s negligent use of the
harness constituted an operation or use of the bus, the negligent use was not the
actual cause of Marcos’s injuries.


 The actual cause of Marcos’s injuries was
Marcos’s affirmative act of opening and exiting the rear emergency door of the
bus. At most, the driver’s negligent use furnished the condition which enabled
Marcos to exit the bus and injure himself. See Whitley, 104 S.W.3d at 543. 
Because this allegation does not demonstrate the critical nexus between the
driver’s negligent use of the harness and Marcos’s fall from the bus, it is
insufficient to support a waiver of HISD’s immunity.
          In the trial court proceedings and in their appellate briefing the Montoyas
rely heavily on Austin Ind. Sch. Dist. v. Gutierrez, 54 S.W.3d 860 (Tex.
App.—Austin 2001, pet. denied), and Hitchcock v. Garvin, 738 S.W.2d 34 (Tex.
App.—Dallas 1987, no writ), both of which are distinguishable from the facts at
hand. In Gutierrez, a school bus driver discharged a student from the bus and
then honked the horn of the bus to indicate to the student that she could safely
cross the road. Gutierrez, 54 S.W.3d at 861. After the bus driver’s signal, the
student attempted to cross the street and was struck and killed by a passing
vehicle. Id. The court denied the school district’s plea to the jurisdiction because
the bus driver’s “affirmative action of honking the horn,” which may have
contributed to the accident, constituted a use of the bus. Id. at 866. Similarly, in
Hitchcock, a school bus driver failed to activate the bus flashers or warning
signals prior to unloading a child. Hitchcock, 738 S.W.2d at 36. Immediately
after exiting the bus, the child attempted to cross the street but was struck by
another car. Id. at 37. The court held that the driver’s failure to activate the
flashers or warning signals of the school bus when the child was exiting
constituted “an act or omission arising from the operation or use of a motor
vehicle.” Id. 
          Here, however, the Montoyas’ allegations do not demonstrate that
Marcos’s injuries actually resulted from the bus driver’s operation or use of the
bus. Rather, the allegations demonstrate that Marcos’s injuries were caused by
Marcos’s affirmative actions of opening the school bus emergency door and
exiting the bus while it was in motion. Furthermore, even if the bus driver’s
failure to adequately supervise the students on the bus contributed to the
accident, her actual operation and use of the bus did not cause the injuries. See
Goston, 853 S.W.2d at 733. 
          The Montoyas’ allegations are more comparable to the allegations made
in Hopkins, 736 S.W.2d at 618 and Estate of Garza, 613 S.W.2d at 527. In
Hopkins, a student with cerebral palsy suffered severe convulsions while riding on
her school bus to her after-school day care center. Hopkins, 736 S.W.2d at 618. The
bus driver contacted his supervisor and requested that a school nurse meet the bus. 
Id. Instead of providing the nurse, the supervisor instructed the driver to proceed
with the student to the day care center, where she finally received medical care. Id. 
The student’s family brought suit against the school district, alleging that the district’s
failure to provide adequate medical care caused the student’s personal injuries. Id. 
The court refused to find a waiver of the school district’s immunity, noting that the
student’s injuries “could not have arisen from the use or operation of a motor vehicle
as contemplated by the statute.” Id. (emphasis added). 
          In Garza, a non-student passenger boarded a school bus and stabbed a student
who was riding the bus to school. Garza, 613 S.W.2d at 527. The plaintiffs alleged
that the school district “failed to provide safe transportation for and effective control
of the students riding on the school bus.” Id. The Garza court held that “the injury
arose out of the failure to control and supervise the public, and not from the operation
or use of a motor vehicle. . . . [A] knife and not the use of the bus was the cause of
plaintiff’s damage.”


 Id. at 528; see also Martinez v. VIA Metrop. Transit Auth., 38
S.W.3d 173, 176 (Tex. App.—San Antonio 2000, no pet.) (concluding that transit
authority did not waive immunity to claims brought by metro van passenger after
metro van driver failed to transport passenger timely and properly to nearest medical
facility when he became sick and passed out).
          As in Hopkins and Garza, here, the Montoyas’ pleadings demonstrate that the
bus driver’s failure to supervise or control Marcos may have contributed to Marcos’s
injuries. However, the pleadings do not demonstrate that the bus driver’s operation
or use of the bus actually caused Marcos’s injuries. Instead of demonstrating the
required nexus between Marcos’s injuries and the driver’s operation or use of the bus,
the Montoyas’ pleadings establish only that Marcos’s injuries were the result of
Marcos’s affirmative actions and possibly the bus driver’s failure to supervise,
control, or direct Marcos. 
          Because the Montoyas’ allegations demonstrate that the HISD school bus
merely provided the setting for Marcos’s injuries and that the bus driver’s operation
or use of the bus did not proximately cause Marcos’s injuries, we hold that the
Montoyas’ claims do not fall within the waiver of immunity set forth in section
101.021(1). Hopkins, 736 S.W.2d at 619. Accordingly, we further hold that the trial
court did not err in granting HISD’s plea to the jurisdiction. 
          We overrule issues one through four. 
 
 
 
 
 
 
Conclusion
          We affirm the order of the trial court granting HISD’s plea to the jurisdiction.

 

 
                                                                        Terry Jennings
                                                                        Justice

Panel consists of Justices Nuchia, Jennings and Alcala.
Justice Alcala dissenting.