# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00122-CV

Donnea Simon, as Next Friend of M. S., Appellant

v.

Blanco Independent School District, Appellee

---

**FROM THE DISTRICT COURT OF BLANCO COUNTY, 424TH JUDICIAL DISTRICT
NO. CV06868, HONORABLE DANIEL H. MILLS, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

The issue in this case is whether a school district's governmental immunity for a negligence cause of action is waived under the Texas Tort Claims Act[1] when the plaintiff is assaulted on a school bus by fellow students. We hold that governmental immunity is not waived under the circumstances here and affirm the judgment of the district court.

M.S. was assaulted by fellow students while a passenger on a school bus operated by appellee Blanco Independent School District. M.S., by next friend, filed suit against the District alleging negligence by the bus driver, a District employee, based on the driver's failures to stop the assault and seek immediate medical attention for M.S. The District filed a plea to the jurisdiction asserting governmental immunity. The district court granted the District's plea and dismissed appellant's suit with prejudice. Appellant challenges  the grant of the District's plea to the jurisdiction.

---

[1] Tex. Civ. Prac. & Rem. Code Ann. §§ 101.001-.109 (West 2005 & Supp. 2010).

A plea to the jurisdiction challenges the trial court's authority to determine the subject matter of a specific cause of action. *See Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 553-54 (Tex. 2000). Whether a court has subject-matter jurisdiction and whether a plaintiff has alleged facts that affirmatively demonstrate subject-matter jurisdiction are questions of law that we review de novo. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). In deciding a plea to the jurisdiction that challenges the pleadings, we determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause. *Id.* We construe the pleadings liberally in favor of the plaintiff and look to the pleader's intent. *Id.*

Absent an express statutory waiver, governmental immunity protects political subdivisions of the State from suit. *See Federal Sign v. Texas S. Univ.*, 951 S.W.2d 401, 405 (Tex. 1997). As a public school district, appellee is a "governmental unit" under the Texas Tort Claims Act. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.001(3)(B) (West 2005). As a result, the District's negligence liability is limited by the Act to:

> property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:
>
> (A)    the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle . . . and
>
> (B)    the employee would be personally liable to the claimant according to Texas law . . . .

*Id.* § 101.021(1) (West 2005).

2

Appellant alleges that M.S.'s injury "arises from the operation or use of a motor-driven vehicle" based on allegations that the bus driver (1) allowed students to stand in the bus while he was driving, (2) failed to stop the bus or turn on the inside light or exterior flashers while the assault was occurring, and (3) continued on to the destination rather than seeking immediate medical care and treatment for appellant.

The phrase "arises from" in section 101.021(1)(A) of the Tort Claims Act requires a nexus between the injury and the operation or use of the motor vehicle. *LeLeaux v. Hamshire-Fannett Indep. Sch. Dist.*, 835 S.W.2d 49, 51 (Tex. 1992). When an injury occurs on a school bus and "the bus is only the setting for the injury," immunity for liability is not waived. *Id.* at 52. Thus, when the allegations of negligence are related to "the direction, control, and supervision of the students" on the bus, rather than negligent use of the bus itself, the suit is barred. *Goston v. Hutchison*, 853 S.W.2d 729, 733 (Tex. App.—Houston [1st Dist.] 1993, no writ); *see Elgin Indep. Sch. Dist. v. R.N.*, 191 S.W.3d 263, 272 (Tex. App.—Austin 2006, no pet.) ("[I]njuries arising from supervision of bus passengers do not arise from the operation or use of a vehicle.").

Each of appellant's allegations relates to supervision responsibilities that are independent of the operation or use of the bus. Appellant's allegation that the bus driver allowed students to stand in the bus relates to control of the behavior of passengers, not the operation or use of the bus itself. *See Estate of Garza v. McAllen Indep. Sch. Dist.*, 613 S.W.2d 526, 527-28 (Tex. Civ. App.—Beaumont 1981, writ ref'd n.r.e.) (holding that when school bus passenger stabbed student on bus, school district not liable because injury arose out of failure to supervise, not operation or use of bus). Likewise, appellant's allegations that, once the assault started, the

3

bus driver should have illuminated the interior lights, stopped the bus, or turned on the flashers also relate to supervision and control of the bus passengers. *See Montoya v. Houston Indep. Sch. Dist.*, 177 S.W.3d 332, 337 (Tex. App.—Houston [1st Dist.] 2005, no pet.) (explaining that failure to stop bus to avoid collision relates to operation of vehicle, but failure to stop bus to regulate passenger behavior does not). Moreover, the driver's failure to take such actions did not actually cause appellant's injuries but, at most, merely furnished the condition that made the injury possible. *See Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 543 (Tex. 2003). Finally, the alleged failure to stop the bus to provide medical care also relates to supervision of the bus passengers rather than the transportation function. *See Hopkins v. Spring Indep. Sch. Dist.*, 736 S.W.2d 617, 619 (Tex. 1987) (holding that allegation of failure to provide adequate medical care to bus passenger did not evidence nexus between injury and operation or use of school bus).

Appellant relies on *Austin Independent School District v. Gutierrez*, 54 S.W.3d 860 (Tex. App.—Austin 2001, pet. denied), and *Hitchcock v. Garvin*, 738 S.W.2d 34 (Tex. App.—Dallas 1987, no writ), for the proposition that injuries directly caused by third parties have a sufficient nexus to the operation of a school bus as long as the bus driver's action or inaction in operating the bus "played some role" in causing the injuries. In *Gutierrez*, a child disembarked from the school bus, the bus driver honked to signal the child that it was safe to cross the street, and a motor vehicle driven by a third party struck the child. *See* 54 S.W.3d at 861. In *Hitchcock*, a child disembarked from the school bus, the bus driver failed to activate the required warning lights, and a motor vehicle driven by a third party struck the child. *See* 738 S.W.2d at 35-36. In both cases, the court concluded that the school district's plea to the jurisdiction should be denied. *See Gutierrez*,

54 S.W.3d at 866-67; *Hitchcock*, 738 S.W.2d at 37-38.  In both cases, however, the injuries were related to the process of transporting of children on the bus from one location to another.  *See LeLeaux*, 835 S.W.2d at 52 (observing that loading and unloading students on and off of school bus is part of "transportation process").  In contrast, this is not a case alleging negligence in the use of the school bus itself; rather, appellant's allegations focus on the supervision of the children's activities *on* the bus.  In other words, as in *LeLeaux*, the school bus was merely the setting for the injury.  *See id.*

As such, there is no nexus between appellant's injury and the District's operation or use of a motor vehicle.  Appellant failed to establish a waiver of governmental immunity, and therefore, the district court did not err in granting the District's plea to the jurisdiction.[2]  We affirm the judgment of the district court.

_____

Jeff Rose, Justice

Before Justices Henson, Rose and Goodwin

Affirmed

Filed:   January 28, 2011

---

[2]   If the pleadings do not affirmatively demonstrate incurable defects in jurisdiction, the plaintiff may be afforded the opportunity to amend his pleadings.  *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226-27 (Tex. 2004).  However, the district court in this case had already provided appellant a reasonable opportunity to do so.  Therefore, dismissal of appellant's suit with prejudice was proper.  *See Harris County v. Sykes*, 136 S.W.3d 635, 639 (Tex. 2004).