TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN




NO. 03-10-00122-CV




Donnea Simon, as Next Friend of M. S., Appellant

v.

Blanco Independent School District, Appellee




FROM THE DISTRICT COURT OF BLANCO COUNTY, 424TH JUDICIAL DISTRICT
NO. CV06868, HONORABLE DANIEL H. MILLS, JUDGE PRESIDING


 
M E M O R A N D U M O P I N I O N

                        The issue in this case is whether a school district’s governmental immunity for a
negligence cause of action is waived under the Texas Tort Claims Act


 when the plaintiff is assaulted
on a school bus by fellow students. We hold that governmental immunity is not waived under the
circumstances here and affirm the judgment of the district court.
                        M.S. was assaulted by fellow students while a passenger on a school bus operated by
appellee Blanco Independent School District. M.S., by next friend, filed suit against the District
alleging negligence by the bus driver, a District employee, based on the driver’s failures to stop
the assault and seek immediate medical attention for M.S. The District filed a plea to the jurisdiction
asserting governmental immunity. The district court granted the District’s plea and dismissed
appellant’s suit with prejudice. Appellant challenges the grant of the District’s plea to the
jurisdiction.
                        A plea to the jurisdiction challenges the trial court’s authority to determine the
subject matter of a specific cause of action. See Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 553-54 (Tex. 2000). Whether a court has subject-matter jurisdiction and whether a plaintiff has alleged
facts that affirmatively demonstrate subject-matter jurisdiction are questions of law that we
review de novo. Texas Dep’t of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 226 (Tex. 2004). 
In deciding a plea to the jurisdiction that challenges the pleadings, we determine if the pleader
has alleged facts that affirmatively demonstrate the court’s jurisdiction to hear the cause. Id. We
construe the pleadings liberally in favor of the plaintiff and look to the pleader’s intent. Id.
                        Absent an express statutory waiver, governmental immunity protects political
subdivisions of the State from suit. See Federal Sign v. Texas S. Univ., 951 S.W.2d 401, 405
(Tex. 1997). As a public school district, appellee is a “governmental unit” under the Texas Tort
Claims Act. See Tex. Civ. Prac. & Rem. Code Ann. § 101.001(3)(B) (West 2005). As a result, the
District’s negligence liability is limited by the Act to:
property damage, personal injury, and death proximately caused by the wrongful act
or omission or the negligence of an employee acting within his scope of employment
if:

(A)      the property damage, personal injury, or death arises from the operation or
use of a motor-driven vehicle . . . and

(B)      the employee would be personally liable to the claimant according to Texas
law . . . .

Id. § 101.021(1) (West 2005).
                        Appellant alleges that M.S.’s injury “arises from the operation or use of a motor-driven vehicle” based on allegations that the bus driver (1) allowed students to stand in the bus while
he was driving, (2) failed to stop the bus or turn on the inside light or exterior flashers while the
assault was occurring, and (3) continued on to the destination rather than seeking immediate medical
care and treatment for appellant.
                        The phrase “arises from” in section 101.021(1)(A) of the Tort Claims Act requires
a nexus between the injury and the operation or use of the motor vehicle. LeLeaux v. Hamshire-Fannett Indep. Sch. Dist., 835 S.W.2d 49, 51 (Tex. 1992). When an injury occurs on a school bus
and “the bus is only the setting for the injury,” immunity for liability is not waived. Id. at 52. Thus,
when the allegations of negligence are related to “the direction, control, and supervision of
the students” on the bus, rather than negligent use of the bus itself, the suit is barred. Goston
v. Hutchison, 853 S.W.2d 729, 733 (Tex. App.—Houston [1st Dist.] 1993, no writ); see Elgin Indep.
Sch. Dist. v. R.N., 191 S.W.3d 263, 272 (Tex. App.—Austin 2006, no pet.) (“[I]njuries arising from
supervision of bus passengers do not arise from the operation or use of a vehicle.”).
                        Each of appellant’s allegations relates to supervision responsibilities that are
independent of the operation or use of the bus. Appellant’s allegation that the bus driver allowed
students to stand in the bus relates to control of the behavior of passengers, not the operation or
use of the bus itself. See Estate of Garza v. McAllen Indep. Sch. Dist., 613 S.W.2d 526, 527-28
(Tex. Civ. App.—Beaumont 1981, writ ref’d n.r.e.) (holding that when school bus passenger
stabbed student on bus, school district not liable because injury arose out of failure to supervise,
not operation or use of bus). Likewise, appellant’s allegations that, once the assault started, the
bus driver should have illuminated the interior lights, stopped the bus, or turned on the flashers also
relate to supervision and control of the bus passengers. See Montoya v. Houston Indep. Sch. Dist.,
177 S.W.3d 332, 337 (Tex. App.—Houston [1st Dist.] 2005, no pet.) (explaining that failure to stop
bus to avoid collision relates to operation of vehicle, but failure to stop bus to regulate passenger
behavior does not). Moreover, the driver’s failure to take such actions did not actually cause
appellant’s injuries but, at most, merely furnished the condition that made the injury possible. See
Dallas Area Rapid Transit v. Whitley, 104 S.W.3d 540, 543 (Tex. 2003). Finally, the alleged failure
to stop the bus to provide medical care also relates to supervision of the bus passengers rather
than the transportation function. See Hopkins v. Spring Indep. Sch. Dist., 736 S.W.2d 617, 619
(Tex. 1987) (holding that allegation of failure to provide adequate medical care to bus passenger did
not evidence nexus between injury and operation or use of school bus).
                        Appellant relies on Austin Independent School District v. Gutierrez, 54 S.W.3d 860
(Tex. App.—Austin 2001, pet. denied), and Hitchcock v. Garvin, 738 S.W.2d 34 (Tex. App.—Dallas
1987, no writ), for the proposition that injuries directly caused by third parties have a sufficient
nexus to the operation of a school bus as long as the bus driver’s action or inaction in operating
the bus “played some role” in causing the injuries. In Gutierrez, a child disembarked from the
school bus, the bus driver honked to signal the child that it was safe to cross the street, and a
motor vehicle driven by a third party struck the child. See 54 S.W.3d at 861. In Hitchcock, a child
disembarked from the school bus, the bus driver failed to activate the required warning lights, and
a motor vehicle driven by a third party struck the child. See 738 S.W.2d at 35-36. In both cases, the
court concluded that the school district’s plea to the jurisdiction should be denied. See Gutierrez,
54 S.W.3d at 866-67; Hitchcock, 738 S.W.2d at 37-38. In both cases, however, the injuries were
related to the process of transporting of children on the bus from one location to another. See
LeLeaux, 835 S.W.2d at 52 (observing that loading and unloading students on and off of school bus
is part of “transportation process”). In contrast, this is not a case alleging negligence in the use of
the school bus itself; rather, appellant’s allegations focus on the supervision of the children’s
activities on the bus. In other words, as in LeLeaux, the school bus was merely the setting for the
injury. See id.
                        As such, there is no nexus between appellant’s injury and the District’s operation
or use of a motor vehicle. Appellant failed to establish a waiver of governmental immunity, and
therefore, the district court did not err in granting the District’s plea to the jurisdiction.


 We affirm
the judgment of the district court.
 
 
                                                                        __________________________________________
                                                                        Jeff Rose, Justice
Before Justices Henson, Rose and Goodwin
Affirmed
Filed: January 28, 2011