**Reversed and Rendered and Memorandum Opinion filed August 28, 2014.**



In The

# Fourteenth Court of Appeals

## NO. 14-13-01115-CV

### HOUSTON INDEPENDENT SCHOOL DISTRICT, Appellant

### V.

### PERX, AS NEXT FRIEND OF WRRX, A MINOR, Appellee

**On Appeal from the 152nd District Court**
**Harris County, Texas**
**Trial Court Cause No. 2012-34695**

## M E M O R A N D U M   O P I N I O N

In this interlocutory appeal, we must determine whether a sexual assault arose from the failure to operate a security camera on a Houston Independent School District (HISD) bus such that HISD has waived governmental immunity under the Texas Tort Claims Act. The trial court held that it does, and denied HISD's plea to the jurisdiction. We reverse and render judgment dismissing the claims against HISD for lack of subject matter jurisdiction.

## BACKGROUND

WRRX is a special-needs student attending elementary school in HISD. To travel to and from school, WRRX rides an HISD school bus. In August 2011, PERX, as mother of WRRX, was contacted by the school and informed that WRRX had been sexually assaulted by two other students while on the bus. Soon after, PERX learned from WRRX that other similar assaults occurred in the days leading up to the complained-of assault.

PERX filed this action against HISD, seeking damages and alleging various negligent acts and omissions that proximately caused WRRX's personal injury. After the case was removed to federal court and remanded to state court, HISD moved to dismiss the case by filing a plea to the jurisdiction.

HISD contended that, pursuant to the Texas Tort Claims Act, it was not liable for WRRX's personal injury because the injury did not arise from the operation or use of a motor-driven vehicle. In response, PERX claimed that the sexual assault was caused by various failures of the bus driver which amounted to use of a motor-driven vehicle. Pertinent here, PERX contended that the failure of HISD employees to use a security camera on the bus, and review its footage in the days leading up to the assault, constituted the operation of a motor-driven vehicle which caused the injury to WRRX.

The trial court denied HISD's plea to the jurisdiction. HISD filed this interlocutory appeal.

## ANALYSIS

HISD asserts that the trial court lacks subject matter jurisdiction and erred by denying its plea to the jurisdiction.

## I. Standard of Review and Applicable Law

An appeal may be taken from an interlocutory order granting or denying a plea to the jurisdiction filed by a governmental unit. Tex. Civ. Prac. & Rem. Code §§ 51.014(a)(8), 101.001(3)(D). A plea questioning the trial court's jurisdiction raises a question of law that we review de novo. *State v. Holland*, 221 S.W.3d 639, 642 (Tex. 2007). The plaintiff must allege facts that affirmatively establish the trial court's subject matter jurisdiction. *See Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993); *City of Pasadena v. Kuhn*, 260 S.W.3d 93, 95 (Tex. App.—Houston [1st Dist.] 2008, no pet.). We must construe the pleadings liberally, looking to the pleader's intent. *Holland*, 221 S.W.3d at 643.

If the plea to the jurisdiction challenges the existence of jurisdictional facts, the trial court must consider relevant evidence submitted by the parties. *See Tex. Dept. of Parks Wildlife v. Miranda*, 133 S.W.3d 217, 227 (Tex. 2004). If the evidence creates a fact question regarding jurisdiction, then the trial court must deny the plea and the fact issue must be resolved by the fact finder. *Id.* at 227–28. But if the evidence is undisputed, as it is here, then the trial court rules on the plea to the jurisdiction as a matter of law. *Id.* at 228.

A unit of state government is immune from suit and liability unless the state consents, and governmental immunity from suit defeats a court's subject matter jurisdiction. *Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex. 2003). Under the Texas Tort Claims Act, a governmental unit's sovereign immunity is waived for "property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if" the property damage, personal injury, or death "arises from the operation or use of a motor-driven vehicle or motor-driven equipment." Tex. Civ. Prac. & Rem. Code § 101.021(1).

The Act does not define the terms "use" or "operation," so courts have applied their common and ordinary meanings. *See Mount Pleasant Indep. Sch. Dist. v. Estate of Lindburg*, 766 S.W.2d 208, 211 (Tex. 1989). The Texas Supreme Court has defined "use" as "to put or bring into action or service; to employ for or apply to a given purpose[,]" and "operation" as "a doing or performing of a practical work." *Id.*

## II.   Did the non-use of the security camera proximately cause WRRX's injury?

The parties vigorously dispute whether the failure to operate the security camera on the bus, and the failure to review the footage, constitutes the operation or use of a motor-driven vehicle. But even if we assume that not operating a security camera constitutes the "operation or use of a motor-driven vehicle," we must still decide whether the injury to WRRX "arises from" that operation or use. *See* Tex. Civ. Prac. & Rem. Code § 101.021(1)(A).

"Arises from," as it is used in the statute, requires a nexus between the injury and the operation or use of the vehicle. *Whitley*, 104 S.W.3d at 543; *LeLeaux v. Hamshire-Fannett Indep. Sch. Dist.*, 835 S.W.2d 49, 51 (Tex. 1992). This nexus requires more than mere involvement of the property. *Whitley*, 104 S.W.3d at 543. Rather, the vehicle's use must have "actually caused" the injury. *Id.*; *City of Kemah v. Vela*, 149 S.W.3d 199, 204 (Tex. App.—Houston [14th Dist.] 2004, pet. denied). The operation or use of a motor vehicle "does not cause injury if it does no more than furnish the condition that makes the injury possible." *Whitley*, 104 S.W.3d at 543; *Vela*, 149 S.W.3d at 204.

PERX contends that the failure to operate the security camera, and the failure to review its footage, caused WRRX's injury because, in the days before the assault, the security camera was broken and failed to record footage of other

4

alleged assaults on WRRX by his assailants. Had the camera been operable, PERX asserts, the assailants would have been apprehended before the assault at issue here, and WRRX would not have suffered injury.

Nevertheless, PERX's assertion does not demonstrate that WRRX's injury *arose from the operation of* the school bus. Even construed liberally, PERX's pleadings only speculate that WRRX would not have sustained injury if the security cameras had been on. Such a speculative allegation is not sufficient to demonstrate that the bus driver's failure to operate the security camera actually caused WRRX's injury. *See Montoya v. Houston Indep. Sch. Dist.*, 177 S.W.3d 332, 337–38 (Tex. App.—Houston [14th Dist.] 2005, no pet.) (holding that special-needs student's injury was actually caused by his own affirmative act of exiting emergency exit on a moving bus, not driver's alleged negligent failure to operate harness properly). At most, the failure to operate the cameras only furnished a condition which made the injury possible. *See Montoya*, 177 S.W.3d at 338; *City of Kemah*, 149 S.W.3d at 204.

PERX relies on a set of cases involving the failure to use flashing emergency lights on government vehicles to support a finding of a nexus between the injury and the operation or use of the vehicle. *See City of El Campo v. Rubio*, 980 S.W.2d 943 (Tex. App.—Corpus Christi 1998, pet. dism'd w.o.j.); *Hitchcock v. Garvin*, 738 S.W.2d 34 (Tex. App.—Dallas 1987, no writ). In *Rubio*, an officer instructed the plaintiff to drive her car and follow him in his vehicle. *Rubio*, 980 S.W.3d at 944. The officer did not turn on the flashing emergency lights on his vehicle, however, and when the plaintiff pulled out into the road to follow the officer, she was struck by an oncoming vehicle. *Id.* In *Hitchcock*, a plaintiff schoolgirl disembarked from a school bus, which was not operating its flashing warning signals, and was struck by an oncoming vehicle as she crossed the street.

5

*Hitchcock*, 738 S.W.2d at 35. In both cases, the plaintiffs' injury was determined to arise from the failure to operate the flashing lights. *Rubio*, 980 S.W.3d at 947; *Hitchcock*, 738 S.W.2d at 37.

But comparing those cases to the facts here confirms that immunity has not been waived. In both *Hitchcock* and *Rubio*, the flashing lights on the school bus and police car would have immediately deterred third-party vehicles from driving quickly past the government vehicles. In this case, however, PERX speculates that the use of the security camera *days before* the assault would have thwarted the assault because other alleged assaults would have been discovered, the school would have punished the assailants, and by virtue of that punishment, the assailants would not have been on the bus on the day of the assault.[1]

The problem with PERX's contention is that, unlike the flashing lights cases, a variety of other contingencies must have occurred for the operation of the security cameras to prevent WRRX's injury days later. Whereas the flashing lights on a school bus work immediately to prevent drivers from striking pedestrians at the moment the lights are used, PERX contends that the use of the security cameras on the days of the prior assaults would have prevented an assault at a later date. In the intervening time period, PERX assumes that the security footage would have been reviewed promptly and revealed the prior assaults and that some future action—presumably a suspension for the assailants—would have barred the

---

[1] Alternatively, PERX asserts that the mere presence of an operable security camera would have deterred the assailants because "the threat of an immediate response from law enforcement is a very effective deterrent." To support this point, PERX states, "[t]his is why many places that use surveillance cameras also employ a conspicuous sign informing the public that the camera exists and is being monitored." But if it is only the existence of a camera—not its operation—that deters violent behavior, then it is unclear why PERX contends the failure to operate the cameras caused WRRX's injury.

assailants from riding the bus with WRRX on the day of the assault.[2] This extensive chain of assumptions eliminates the required nexus between the injury and the operation or use of the motor vehicle. *See Montoya*, 177 S.W.3d at 338.

## CONCLUSION

Because the nexus between the injury and the use of the motor vehicle in this case involves no more than the mere involvement of the security camera, we determine that WRRX's injury in this case did not arise from the failure to operate and monitor the camera. *See Whitley*, 104 S.W.3d at 543; *Montoya*, 177 S.W.3d at 338. Therefore, HISD's governmental immunity is not waived. *See* Tex. Civ. Prac. & Rem. Code § 101.021(1). We reverse the trial court's order denying HISD's plea to the jurisdiction and render judgment dismissing PERX's claims against HISD for lack of subject matter jurisdiction.


/s/    Ken Wise
       Justice

Panel consists of Justices Boyce, Busby, and Wise.

---

[2] If PERX is ultimately contending that the failure to suspend the assailants, or otherwise prevent them from being on the bus, caused the injury, then PERX is not alleging an injury that arose from the operation or use of a motor vehicle. *See* Tex. Civ. Prac. & Rem. Code § 101.021(1).