02-10-152-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-10-00152-CV

 

 


 
 
 Somchai Saramanee and Andrew Terrell Boggess
 
 
  
 
 
 APPELLANTS
 
 
 
 
  
 V.
  
 
 
 
 
 Town of Northlake
 
 
  
 
 
 APPELLEE
 
 


 

 

----------

FROM THE 211th
District Court OF Denton COUNTY

----------

MEMORANDUM
OPINION[1]

----------

Appellants
Somchai Saramanee and Andrew Terrell Boggess appeal from the trial court’s
grant of Appellee the Town of Northlake’s plea to the jurisdiction.  In three
issues, Saramanee and Boggess argue that they pled sufficient facts to establish
a waiver of governmental immunity under section 101.021 of the Texas Tort
Claims Act (TTCA), that Northlake did not produce evidence establishing that
section 101.021 does not apply, and that even if section 101.021 does not waive
immunity, immunity is waived under section 101.0215 for negligence arising from
Northlake’s provision of police enforcement.  Because we hold that Saramanee
and Boggess alleged sufficient facts to demonstrate a waiver of immunity under
section 101.021, we reverse the trial court’s order dismissing their claims.

While
on patrol on October 7, 2007, Northlake Police Officer Nick McGregor observed a
group of motorcyclists driving on the freeway; two motorcyclists in the front
of the group were speeding and performing “wheelies.”  McGregor decided to stop
the motorcyclists, and to do so, he drove onto the freeway on ramp, crossed the
white lines to get into the right lane, got in front of the two motorcycles in
the lane, and then stopped his car in the lane.  Of the two motorcyclists, one
came to a stop and the other drove around the police car and did not stop. 
McGregor opened his driver’s side car door and exited his vehicle on the
driver’s side.  Boggess and Saramanee were among the motorcycle drivers in the
group, and an accident occurred when Saramanee struck Boggess’s motorcycle.

Boggess
and Saramanee filed suit against the Town of Northlake, alleging that McGregor
was recklessly and grossly negligent in the operation of his police vehicle.  Northlake
filed a plea to the jurisdiction, asserting governmental immunity and
contending that (1) Boggess and Saramanee had not stated a claim for which the
town’s immunity from suit had been waived and (2) Boggess and Saramanee had
failed to allege facts showing either that their injuries had been caused by
the use or operation of a motor vehicle[2] or by the condition or use
of tangible personal property.[3]

In
their response, Boggess and Saramanee did not specify which section of the TTCA
waived immunity for their claims, but they asserted that there was “a clear
nexus between [McGregor’s] use of the vehicle” and their injuries, and they
used the “arises from” language of section 101.021(1), impliedly arguing that
their injuries were caused by the operation or use of McGregor’s vehicle.  They
attached to their response an internal investigation memo from the Northlake
police department, which stated that McGregor had violated department
directives by using his vehicle to block the roadway and by failing to have due
regard for the safety of other vehicles on the roadway.

At
the hearing on Northlake’s plea to the jurisdiction, Boggess and Saramanee put
on evidence to show that the accident resulted from McGregor’s actions.  The
trial court watched the video from the in-car camera in McGregor’s vehicle. 
Boggess then testified about the accident.  He stated that as he was driving on
the freeway, he saw an all-black car driving on the service road at a high rate
of speed.  He saw the driver cut across the solid white line to get onto the
interstate, come to a complete stop, and turn on its emergency lights.  After
McGregor’s car stopped, Boggess started slowing down to miss the vehicle,
“which [he] just thought was an erratic driver.”  When McGregor exited the car,
Boggess saw that it was a police officer, “so [he] took evasive action to make
sure that [he] did not contact the officer himself, which led to the
accident.”  Boggess also testified that he did not have a Class M certification
on his driver’s license, and he acknowledged that other motorcycle drivers were
able to pass McGregor’s vehicle to the left and on the shoulder to the right.

Northlake
argued that the evidence did not show that it was the use of McGregor’s vehicle
that directly caused Boggess’s and Saramanee’s damages, but rather that
McGregor’s use of the vehicle merely created the condition that made the
accident possible.  After hearing the evidence, the trial court concluded that
the damages did not arise from McGregor’s use or operation of his motor
vehicle.  The court noted that the evidence showed that another motorcyclist
had time to come to a complete stop behind McGregor’s vehicle even though he
had been ahead of Boggess on the road and that McGregor had time to get out of
his vehicle before the accident occurred.  The trial court also referenced Boggess’s
testimony regarding why he swerved:

He says he sees the car coming at a high rate of speed,
coming down . . . the access road, pulling onto the road at a high rate of
speed.  He doesn’t think it’s a police car, so I guess he just doesn’t care if
it’s not a police car.  After [McGregor] stops, turns on his lights, and . . .
swings open the door and puts his feet [on the road], then [Boggess] says, oh,
it’s a police officer, I guess I better swerve it since it’s a police officer. 
I mean, that—your client’s testimony doesn’t make any sense in that regard.

The
court then concluded, “What I see when I look at the video[], and coupled with
your own client’s testimony is, that the vehicle was in park, and the officer’s
feet were on the pavement, he was not using or operating the motor vehicle at
the time the accident occurred.”  The trial court then granted Northlake’s plea
to the jurisdiction.

Governmental
Immunity

The state
has sovereign immunity from suit and from liability unless that immunity has
been waived.[4]  Cities, as political
subdivisions of the state, are also entitled to immunity—referred to as
governmental immunity—both from suit and from liability, except when that
immunity has been waived.[5]

The TTCA
waives immunity from liability for

property damage,
personal injury, and death proximately caused by the wrongful act or omission
or the negligence of an employee acting within his scope of employment if:

(A) the property
damage, personal injury, or death arises from the operation or use of a
motor-driven vehicle or motor-driven equipment; and

(B) the employee
would be personally liable to the claimant according to Texas law.[6]

 

To
the extent that the TTCA waives a governmental unit’s immunity from liability,
it also waives the governmental unit’s liability from suit.[7]

Standard
of Review for Pleas to the Jurisdiction

We
review a trial court’s ruling on a plea to the jurisdiction de novo.[8] 
A plaintiff has the burden of alleging facts that affirmatively demonstrate
that the trial court has subject-matter jurisdiction.[9] 
Accordingly, because a governmental unit has immunity from suit, a plaintiff
asserting a claim against a governmental unit must allege facts that affirmatively
demonstrate that the legislature has waived immunity for the claims brought.[10]

In
determining a plea to the jurisdiction challenging the pleadings, that is,
asserting that the plaintiff has not met this burden, a court looks at the
allegations in the plaintiff’s pleadings and accepts them as true.[11] 
If, however, the plea to the jurisdiction challenges the existence of
jurisdictional facts, a court must also consider the relevant evidence
necessary to resolve the jurisdictional issues raised.[12]
 When a jurisdictional challenge also implicates the merits of the plaintiff’s
claim, then the trial court considers the evidence submitted by the parties to
determine if a fact question exists.[13]  If the evidence creates
a fact question about the jurisdictional issue, then the trial court cannot
grant the plea to the jurisdiction; instead, the trial court must leave the
fact issue for determination by the fact finder.[14] 
But if the evidence is undisputed, or if the evidence does not raise a fact
question on the jurisdictional issue, the trial court rules on the plea to the
jurisdiction as a matter of law.[15]

Analysis

In
their first issue, Saramanee and Boggess argue that they pled sufficient facts
to establish a waiver of governmental immunity under section 101.021 based on
their allegations that McGregor operated and used a patrol car negligently in a
manner that caused an accident, resulting in Saramanee’s and Boggess’s property
damage and injuries.

In
Northlake’s plea to the jurisdiction, it challenged both the pleadings and the
existence of jurisdictional facts.  With respect to Northlake’s challenge to
their pleadings, Saramanee and Boggess had the burden to plead facts that, if
true, demonstrate (1) that their damages were proximately caused by McGregor’s
negligence or wrongful act during the scope of his employment, (2) that the
damages resulted from the operation or use of a motor-driven vehicle, and (3) that
McGregor would be personally liable to them under Texas law.[16]
 Northlake’s plea to the jurisdiction challenged their pleadings with respect
to the “operation or use” element.  In their petition, Saramanee and Boggess
alleged that without operating his siren or emergency lights, McGregor pulled
onto the highway at a high rate of speed directly in front of the motorcycle
drivers and then “suddenly slammed on his brakes[,] forcing the motorcycles to
take emergency evasive action to avoid a collision with the patrol unit.”  If such
action on McGregor’s part constitutes the operation or use of a motor vehicle,
and if the damages complained of arose from this operation or use, then their
pleadings sufficiently alleged a waiver of immunity.[17]

At
issue here are the terms “arises from” and “operation or use.”  The term
“operation” means “‘a doing or performing of a practical work,’” and the term
“use” means “‘to put or bring into action or service; to employ for or apply to
a given purpose.’”[18]  By use of the phrase
“arises from,” the statute “requires a nexus between the injury negligently
caused by a governmental employee and the operation or use” of a vehicle by the
employee.[19]  The nexus “requires
more than mere involvement of property.”[20]  For immunity to be
waived, the employee’s operation or use of the vehicle must not be merely part
of a sequence of events that ultimately results in the injury but must actually
cause the injury.[21]  If the vehicle is
nothing more than the place where the plaintiff has injured himself, or if the
vehicle does no more than furnish the condition that makes the injury possible,
immunity is not waived.[22]

Saramanee
and Boggess alleged in their petition that without operating his siren or
emergency lights, McGregor pulled onto the highway at a high rate of speed
directly in front of the motorcycle drivers and then “suddenly slammed on his
brakes[,] forcing the motorcycles to take emergency evasive action to avoid a
collision with the patrol unit.”  In their response to Northlake’s plea, they
asserted that McGregor slammed on his brakes to block their path at a time when
they did not have sufficient time or distance from his vehicle to stop.  These
facts do not allege that McGregor’s actions with his vehicle merely furnished a
condition that made the accident possible or that his actions were merely part
of a sequence of events that ultimately led to their injuries.  They allege
that Boggess had to take emergency evasive action to avoid hitting McGregor because
of McGregor’s actions and that McGregor’s operation of his vehicle was the reason
for and actual cause of Boggess’s swerving into the left lane and Saramanee’s
resulting collision with Boggess.  Saramanee and Boggess’s pleadings thus
alleged facts showing that their injuries arose from McGregor’s use or
operation of his vehicle.[23]  Accordingly, we hold
that Saramanee and Boggess sufficiently pled a waiver of Northlake’s immunity. 
We sustain their first issue.

In
their second issue, Saramanee and Boggess argue that Northlake did not meet its
burden to prove that their injuries and property damage did not arise from and
were not caused by McGregor’s operation or use of his patrol car.  In addition
to challenging Saramanee and Boggess’s pleadings, Northlake also challenged the
existence of jurisdictional facts, that is, it argued that the facts of the
case did not give rise to jurisdiction.  Because the facts as pled sufficiently
alleged a waiver of immunity, in order to prevail on its plea, Northlake had to
show that despite what Saramanee and Boggess pled, their damages actually arose
in some manner other than as alleged and that the manner in which the damages
arose did not support a waiver of immunity.

Northlake
alleged below that the damages complained of did not arise from McGregor’s
operation or use of his motor vehicle because the damages were actually caused
when Saramanee drove his motorcycle into Boggess’s motorcycle.  And again on
appeal, Northlake points out that at the time of the accident, McGregor’s
vehicle was not being used or operated.  But what matters is not whether
McGregor was driving his vehicle at the exact moment of the collision, but
whether McGregor did actually use or operate his vehicle and whether that use
or operation gave rise to the injuries.  Northlake had the burden to bring
forth favorable evidence on this point.[24]  If it did so, Saramanee
and Boggess would then have had the burden to submit evidence raising an issue
of fact on the issue of jurisdiction.[25]

The
trial court considered evidence submitted by both sides about the cause of the
accident.[26]  The evidence conflicted
about whether, as Northlake police department’s report stated, Saramanee and
Boggess “possibly were unable to see [McGregor’s] vehicle parked in the roadway
due to the other motorcycles in front of them,” or whether, as Boggess
testified, he did see McGregor’s vehicle.  The evidence also conflicted on
whether Boggess had come to a stop at the time that he was struck by Saramanee. 
Boggess also gave seemingly contradictory evidence about whether he could have
avoided hitting McGregor’s vehicle without swerving into the left lane, at one
point stating that if McGregor had not exited the patrol car, he could have
stayed in the same lane and passed the vehicle without moving into the left
lane, and stating at another point that his only choice was between moving into
the left lane and hitting McGregor’s vehicle.

The
trial court was not called upon, however, to resolve these factual disputes
because while the evidence may raise questions of fact about the merits of
Saramanee and Boggess’s claims, it does not raise questions of fact on the
issue of jurisdiction.[27]  Regardless of whether
Boggess stopped his motorcycle and was then hit by Saramanee or was hit by
Saramanee because he swerved into Saramanee’s driving lane, and regardless of
whether it was McGregor or his vehicle that Boggess was attempting to avoid hitting,
even Northlake’s evidence showed that McGregor’s actions directly set in motion
the rapid sequence of events that resulted in the accident, either because
Boggess took evasive action to avoid hitting McGregor or his vehicle (after
McGregor used his vehicle by stopping on the freeway and by opening the door) or
because McGregor used his vehicle as a blockade, resulting in Boggess stopping
his motorcycle and Saramanee striking it almost immediately after the stop.  Without
regard to what the evidence at trial will ultimately show, under any of the
factual scenarios supported by the evidence submitted to the trial court for
jurisdictional purposes, Northlake failed to show that Saramanee’s and
Boggess’s damages did not arise from McGregor’s use or operation of his vehicle.[28]

Northlake
contends that the video from the in-car camera in McGregor’s vehicle
conclusively showed that his use of the vehicle was too attenuated from the
accident.  It argues that the video demonstrated a gap of eight to fourteen
seconds between when McGregor stopped and when the accident occurred and a gap
of twelve to eighteen seconds between the time at which McGregor activated his
emergency lights and the time of the accident.  Northlake bases its
calculations on the time stamp on the video, from the time at which the video
shows McGregor entered the freeway and the time at which McGregor can be heard
saying “What happened? You okay?”  Even assuming that a time gap of less than thirty
seconds between two events could make the second event too attenuated from the
first to show causation, Northlake is incorrect that the video conclusively
shows that McGregor’s vehicle did no more than furnish a condition that made
the injuries possible.  The camera was facing forward, and therefore it did not
record the accident or any events that happened behind McGregor’s vehicle.  The
video thus does not conclusively establish sufficient attenuation between
McGregor’s actions and the accident.

Northlake
cites cases that it urges this court to follow, but those cases are
distinguishable.  This is not a case in which the facts alleged in the
pleadings or the evidence demonstrated that Boggess and Saramanee could have
avoided the accident if they had not ignored McGregor’s flashing lights until
it was too late.[29]  Nor is this a case when
the plaintiffs’ allegations showed or the evidence before the trial court
proved that Boggess chose to move over into another lane instead of stopping; here,
Boggess alleged and testified that he did not have time to stop, and
Northlake’s evidence did not conclusively prove otherwise.[30] 
Finally, this case is not one in which the plaintiffs were injured because they
attempted to evade the police instead of yielding to a traffic stop.[31] 
None of the cases cited by Northlake addressed a scenario in which a government
employee’s use or operation of a vehicle creates a situation that requires
immediate evasive action that results in injuries.  Accordingly, we sustain Saramanee
and Boggess’s second issue.

Because
we have sustained their first two issues, which are dispositive, we do not
reach Saramanee and Boggess’s third issue in which they argue that Northlake’s
immunity was waived under section 101.0215 of the TTCA.[32]

Having
sustained Saramanee and Boggess’s dispositive issues, we reverse the trial
court’s order dismissing their claims for want of jurisdiction and remand this
cause for further proceedings.

 

 

LEE ANN DAUPHINOT
JUSTICE

 

PANEL: 
DAUPHINOT, WALKER, and MCCOY, JJ.

 

DELIVERED:  March 17, 2011









[1]See Tex. R. App. P. 47.4.





[2]See Tex. Civ. Prac.
& Rem. Code Ann. § 101.021(1) (Vernon 2011) (waiving a governmental unit’s
immunity for injuries and damages arising from the use or operation of a motor
vehicle).





[3]See id. §
101.021(2) (waiving immunity for damages resulting from the use or condition of
tangible property).





[4]State v. Lueck, 290
S.W.3d 876, 880 (Tex. 2009).





[5]Reata Constr. Corp. v.
City of Dallas, 197 S.W.3d 371, 374 (Tex. 2006).





[6]Tex. Civ. Prac. & Rem.
Code Ann. § 101.021(1).





[7]Id. § 101.025(a) (“Sovereign
immunity to suit is waived and abolished to the extent of liability created by
this chapter.”).





[8]Pakdimounivong v. City
of Arlington, 219 S.W.3d 401, 407 (Tex. App.—Fort Worth 2006, pet. denied).





[9]City of Fort Worth v.
Robinson, 300 S.W.3d 892, 895 (Tex. App.—Fort Worth 2009, no pet.).





[10]City of Arlington v.
Randall, 301 S.W.3d 896, 906 (Tex. App.—Fort Worth 2009, pet. filed).





[11]Tex. Dep’t of Parks
& Wildlife v. Miranda, 133 S.W.3d 217, 226 (Tex. 2004); Pakdimounivong,
219 S.W.3d at 407.





[12]Miranda, 133
S.W.3d at 227.





[13]Id.





[14]Id. at 227–28.





[15]Id. at 228.





[16]See Tex. Civ.
Prac. & Rem. Code Ann. § 101.021(1); Miranda, 133 S.W.3d at 227.





[17]See Tex. Civ.
Prac. & Rem. Code Ann. § 101.021(1).





[18]LeLeaux v.
Hamshire-Fannett Indep. Sch. Dist., 835 S.W.2d 49, 51 (Tex. 1992) (quoting Mount
Pleasant Indep. Sch. Dist. v. Estate of Lindburg, 766 S.W.2d 208, 211 (Tex.
1989)).





[19]Id.





[20]Dallas Area Rapid
Transit v. Whitley, 104 S.W.3d 540, 543 (Tex. 2003).





[21]Id.





[22]Id.; LeLeaux,
835 S.W.2d at 51; see also Dallas County Mental Health & Mental
Retardation v. Bossley, 968 S.W.2d 339, 343 (Tex. 1998) (holding that
immunity is not waived based on the use or condition of tangible property when
the use or condition of the property was too attenuated from the injury to be
said to have caused it).





[23]See, e.g., Hitchcock
v. Garvin, 738 S.W.2d 34, 37 (Tex. App.—Dallas 1987, no writ) (holding that
the plaintiffs had alleged a waiver of immunity based on the operation of a
motor-driven vehicle when they alleged that a bus driver failed to activate the
flashers or warning signals of the school bus when children were exiting and that
their daughter was struck by a car as she crossed the street immediately after
exiting the bus).





[24]See Miranda, 133
S.W.3d at 227.





[25]See id.





[26]See id.





[27]See id. at 227–28
(stating that if the evidence creates a fact question on the jurisdictional
issue, then the trial court cannot grant the plea to the jurisdiction and must
leave the fact issue for the fact finder, but that if the relevant evidence
fails to raise a fact question on the jurisdictional issue, then the trial
court rules on the plea to the jurisdiction as a matter of law).





[28]See Austin Indep. Sch.
Dist. v. Gutierrez, 54 S.W.3d 860, 867 (Tex. App.—Austin 2001, pet. denied)
(holding that the trial court did not err by denying a school district’s plea
to the jurisdiction because school bus driver’s affirmative act in honking to
signal to a student that the street was safe to cross was a use of the bus and
may have contributed to the accident); Hitchcock, 738 S.W.2d at 37.





[29]See City of Kemah v.
Vela, 149 S.W.3d 199, 204 (Tex. App.—Houston [14th Dist.] 2004, pet.
denied) (holding that immunity was not waived when the plaintiff’s injuries
resulted from a driver ignoring the flashing lights of two police cars and striking
the vehicle in which the plaintiff was sitting).





[30]See Tex. Dep’t of Pub.
Safety v. Grisham, 232 S.W.3d 822, 827 (Tex. App.—Houston [14th Dist.]
2007, no pet.) (holding that immunity was not waived when the plaintiff driver,
upon seeing a stopped patrol car on the shoulder, chose to move into the left
lane, which was obstructed by a vehicle, instead of slowing down).





[31]See City of Dallas v.
Hillis, 308 S.W.3d 526, 535 (Tex. App.—Dallas 2010, pet. filed) (concluding
that the police officer’s use of his patrol car was too attenuated from the
plaintiff’s conduct to constitute a cause of the plaintiff’s injuries when the
police officer attempted to initiate a traffic stop of the plaintiff and,
instead of stopping, the plaintiff accelerated, attempted to flee, and
ultimately lost control of his motorcycle).





[32]See Tex. R. App.
P. 47.1.